STATE of Wisconsin, Plaintiff-Respondent,

v.

John CASTEEL, Defendant-Appellant.†

Court of Appeals

*Nos. 00–2852, 00–2853. Submitted on briefs June 11, 2001.—
Decided July 31, 2001.*

2001 WI App 188

(Also reported in 634 N.W.2d 338.)

† Petition to review denied 10-23-01.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Tayr Kilaab al Ghashiyah (Khan), f/n/a John Casteel*, of Green Bay.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Warren D. Weinstein*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1 HOOVER, P.J. John Casteel appeals an order denying postconviction relief. Casteel was convicted

and sentenced in two separate trials for armed robbery of two banks while disguised, contrary to WIS. STAT. §§ 943.32(2) and 946.62,[1] and possessing a firearm as a felon, contrary to WIS. STAT. § 941.29(2). Casteel was sentenced in 1985 and 1986 as an habitual offender, WIS. STAT. § 939.62(1)(c),[2] to a total of fifty years in prison.[3] In this, his eighth postconviction motion appeal, Casteel argues, to the best we can discern, that the circuit court lacked jurisdiction to convict and sentence him, that his sentence should be modified because of a new factor, and that he was denied effective postconviction and appellate counsel. We reject each of his arguments and affirm. Additionally, we conclude that this appeal is frivolous and sanction Casteel accordingly.

## BACKGROUND

¶ 2.   In a direct appeal of his first conviction, Casteel raised "numerous issues challenging the trial court's jurisdiction, his arrest, the admissibility of evidence, the conduct of the trial, the sufficiency of the

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] WISCONSIN STAT. § 939.62(1)(c) provides:

If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed . . . the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

. . . .

A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

[3] The sentences for possession of a firearm as a felon are to be served concurrently with the bank robbery sentences.

evidence, and his sentence. He also argue[d] that his counsel was ineffective for failing to raise or pursue some of these issues." *State v. Casteel*, No. 85–2248–CR, unpublished slip op. at 1 (Wis. Ct. App. Feb. 10, 1987). We specifically addressed whether there was sufficient evidence adduced at the preliminary hearing; whether the circuit court lacked jurisdiction because the information was not timely filed; whether the circuit court had subject matter jurisdiction; whether Casteel was unlawfully arrested for lack of a judicial arrest warrant; whether the search of Laura Voight's home, where he was staying, was unreasonable; whether Voight's consent to search was obtained through threats or duress; whether the circuit court violated Casteel's constitutional right to free exercise of his Muslim religion; whether the circuit court improperly delayed the return of his personal property at the end of the trial; whether admission of "prior crimes evidence" denied Casteel a fair trial; whether there was sufficient evidence to support the guilty verdict; whether the circuit court properly exercised its discretion in sentencing Casteel; and whether Casteel's counsel was ineffective at trial. We affirmed Casteel's conviction. *Id.*

██

¶ 3.   In a direct appeal of his second conviction, we addressed "many issues on appeal relating to all phases of his arrest, the trial, and sentencing." *State v. Casteel*, No. 86–0605–CR, unpublished slip op. at 1 (Wis. Ct. App. May 5, 1987). We noted that "[m]any of the issues Casteel raises on appeal lack arguable merit. He argues at length about 'individual sovereignty' and 'natural rights,' as well as the court's subject matter and personal jurisdiction over him." *Id.*

¶ 4.   We specifically addressed whether Casteel was unlawfully arrested; whether the court erroneously

refused to suppress evidence; whether the circuit court should have suppressed an in-court and an out-of-court identification; whether Casteel was denied a speedy trial; whether the circuit court erred by allowing "other crimes" evidence; and whether the circuit court erroneously exercised its discretion in sentencing Casteel. *Id.* at 1–5. We affirmed the judgment.

¶ 5. After his direct appeals, Casteel filed eight appeals in this court challenging the denial of various motions for postconviction relief. The two circuit court cases were consolidated for each of his appeals. In *State v. Casteel*, Nos. 92–0321 and 92–0322, unpublished slip op. at 1 (Wis. Ct. App. Aug. 6, 1992), Casteel raised eleven grounds for reversing and vacating his convictions, eight of which had previously been reviewed and rejected. The three additional arguments this court addressed were: whether Casteel's conviction should be overturned because he was not promptly brought before a magistrate when he was arrested; whether the district attorney improperly commented on his exercise of his right to remain silent; and whether he was denied access to his presentence report. This court rejected his arguments and summarily affirmed the circuit court's denial of habeas corpus relief. *Id.* at 2.

¶ 6. In *State v. Casteel*, Nos. 93–1306–CR and 93–1307–CR, unpublished slip op. at 1–2 (Wis. Ct. App. Dec. 7, 1993), Casteel attempted to relitigate the circuit court's sentencing discretion and further argued that he was entitled to resentencing based on a new factor. This court reaffirmed its determination that the circuit court properly exercised its discretion and rejected Casteel's claim that he was entitled to sentence modification based on a new factor. *Id.* at 4.

¶ 7. In *State v. Casteel*, Nos. 94–1091 and 94–1092, unpublished slip op. at 1 (Wis. Ct. App. July

28, 1994), we granted the State's motion for summary affirmance relying on *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181–82, 517 N.W.2d 157 (1994).[4] *Escalona-Naranjo* held that Wɪs. Sᴛᴀᴛ. § 974.06(4) provides that all grounds for relief under § 974.06 must be raised in the petitioner's original, supplemental or amended motion. Grounds for relief, even constitutional claims, previously adjudicated, waived or not raised in a prior postconviction motion may not become the basis for a § 974.06 motion, unless the court ascertains that a "sufficient reason" exists for failure to allege or adequately raise the issue in the previous motion. *Id.*

¶ 8. In *State v. Casteel*, Nos. 97–0171 and 97–0172, unpublished slip op. at 1 (Wis. Ct. App. May 15, 1997), we dismissed the appeal based on *Escalona-Naranjo*. In that case, Casteel attempted to argue that the criminal complaint was fatally defective, that the circuit court was without personal jurisdiction, and that the circuit court was biased. *Id.* at 2.

¶ 9. In *State v. Casteel*, Nos. 97–2888 and 97–2889, unpublished slip op. at 1 (Wis. Ct. App. Mar. 31, 1998), we again summarily affirmed an order denying postconviction relief based on *Escalona-Naranjo*.

¶ 10. Thereafter, in *State v. Casteel*, Nos. 98–1907 and 98–1908, unpublished slip op. at 1 (Wis. Ct. App. Feb. 9, 1999), we once again reviewed an order denying relief. Casteel asked the circuit court to reconsider its decision refusing to modify his sentences. The circuit court summarily rejected Casteel's arguments without comment on their merits. We affirmed, stating: "The trial court had no duty to entertain successive motions rearguing the same basic issues." *Id.* at 3 (citing *Jones v. State*, 70 Wis. 2d 62, 73, 233 N.W.2d 441 (1975)).

---

[4] Casteel did not file a response to the motion.

¶ 11. Subsequently, in *State v. Casteel*, Nos. 99–1436 and 99–1437, unpublished slip op. at 1 (Wis. Ct. App. Dec. 14, 1999), we summarily affirmed yet another denial of postconviction relief, relying on *Escalona-Naranjo*. We concluded that Casteel's motions and appeal were frivolous and cautioned Casteel that if he filed another frivolous motion and appeal, we would sanction him. *Id.* at 3.

¶ 12. Casteel has not prevailed on any of his previous motions in the circuit court as well as all appeals to this court. Now Casteel has filed three more motions to vacate his conviction and sentence. By the circuit court's count, these motions represented Casteel's thirteenth set of motions to the circuit court brought on the original robbery cases. The circuit court denied the motion relying on *Escalona-Naranjo*. The circuit court specifically observed: "[Casteel] argues at length about 'individual sovereignty' and 'the horrors of judicial treason.' I can discern no legally cognizable issue in these arguments." Casteel appeals the order denying his postconviction motions.

## DISCUSSION

I. POSTCONVICTION MOTION ARGUMENTS

¶ 13. On appeal, Casteel raises three arguments, two of which we previously have addressed. He provides no reasoning why he could not have raised these arguments in his direct appeal or first WIS. STAT. § 974.06 motion, as required by § 974.06(4).[5] While persons have a constitutional right to access to

---

[5] WISCONSIN STAT. § 974.06(4) provides:

All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly,

the courts, that right is neither absolute nor unconditional. *Village of Tigerton v. Minniecheske*, 211 Wis. 2d 777, 785, 565 N.W.2d 586 (Ct. App. 1997) (citing *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981)). Section 974.06(4) forecloses review of his arguments. *See Escalona-Naranjo*, 185 Wis. 2d at 181–82.

¶ 14.   Casteel argues that the court has discretion to modify his sentence because of a mistake of law or for any other reason that justifies relief from the operation of judgment under Wis. Stat. § 806.07(1)(a) and (h). He supports his claim with the following arguments:

> When a government goes bankrupt, it looses its sovereignty. It is established that in 1933(solar), the united States declared bankruptcy, as expressed in Roosevelt's executive Order 6073, 6102, 6260, House Joint Resolution 192 of June 1933, confirmed in <u>Perry -v- U.S.</u>, 294 US 330, 381, 79 L.Ed. 912, as well as 31 USC § 5112, 5119 and 12 USC § 95a.

> With the <u>Erie -v- Tompkins</u> case of 1938 the Supreme Court confirmed their success; We are now in an international private commercial jurisdiction in coloarable admiralty-maritime under the Law Merchants (as indicated by gold fringe around the America flag). **We have been conned and betrayed** out of our sovereignty, **rights,** property, freedom, common law, **Article III courts, and Republic.** The Bill of Rights has been statutized into "civil rights" in commence.

> The government be becoming a corporator, [see 22 USC § 286(e)] lays down its sovereignty and took on

voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

that of a private citizen. It can exercise no power which is not derived from the corporate charter. [see, The bank of the United States -v- Planters Bank of Geogia, 6 L.Ed (9 Wheat) 244, US -v- Burr, 309 US 242]. The real party of interest is not the de jure "United States of America" or "State," but the Bank and "The Fund." [22 USC § 286 et seq.].

■

¶ 15. We have twice previously concluded that the court had personal and subject matter jurisdiction to convict and sentence Casteel. *See Casteel*, Nos. 85–2248–CR, 86–0605–CR, 92–0321 and 92–0322. A decision on a legal issue by an appellate court establishes the law of the case that must be followed in all subsequent proceedings in the case in both the circuit and appellate courts. *State v. Brady*, 130 Wis. 2d 443, 448, 388 N.W.2d 151 (1986). Casteel has not rationally identified any other mistake in law or any reason that justifies relief from the conviction and sentence. We therefore reject this argument.[6]

¶ 16. Casteel next contends that the special action parole release program, under WIS. STAT. § 304.02, created after he was sentenced, constituted a new factor justifying a sentence modification. He contends that parole eligibility is an integral part of sentencing and was a "significant factor entering into [Casteel's] decision to plea bargain and the judge's calculation of the sentence to be imposed." *Flemming v. Oregon Bd. of*

---

[6] He also appears to argue that licensing lawyers violates the original Thirteenth Amendment to the United States Constitution by equating licensure with accepting a title of nobility or honor. The current Thirteenth Amendment does not resemble the one Casteel cites, nor is he correct that a lawyer's license to practice is granted by a foreign power.

*Parole*, 998 F.2d 721, 724 (Ore. 1993) (applying *Weaver v. Graham*, 450 U.S. 24, 32 (1981)).[7]

¶ 17.  We note that the special action parole release statute was first adopted in 1989. *See* 1989 Wis. Act 31. In 1993, Casteel argued that a new factor justified resentencing, but did not raise the current issue. *See Casteel*, Nos. 93–1306–CR and 93–1307–CR. In the additional six appeals since 1989, Casteel failed to raise this issue. He has not provided any reason that prevented him from arguing it previously. His appeal on this issue is untimely.[8] *See Escalona-Naranjo*, 185 Wis. 2d at 181–82.

¶ 18.  Casteel finally contends that his postconviction and appellate counsel abandoned him and he did not make a competent and intelligent waiver of his

---

[7] *Weaver v. Graham*, 450 U.S. 24 (1981), covered a different situation from the one presently before us. The *Weaver* Court determined that a statute that reduced the amount of "goodtime" credits a previously convicted prisoner may earn by good behavior was an ex post facto law because it affected the length of the sentence.

[8] He also argues in this section that Wis. Stat. § 304.02(2) requires the department to promulgate rules for the special action parole release program including eligibility criteria and that its failure to do so "ipso facto" violates his due process rights guaranteed by the federal constitution. Casteel ignores Wis. Admin. Code § DOC 302.32, where the department's rules including eligibility criteria are found.

We also reject Casteel's argument that the department has a conflict of interest because the State retirement system invests in Prison Realty Corporation and therefore the department earns more money if it sends more people to prison and hinders release. The department does not send people to prison. Further, whether the department improperly hindered his release is not before us. *See Escalona-Naranjo*, 185 Wis. 2d at 181–82.

right to counsel. He argues without citing to authority that this caused the court to lose jurisdiction over him. Although the State concedes that Casteel has not previously raised ineffective assistance of appellate counsel, it argues that Casteel has waived his right to challenge his conviction and sentence because he failed to raise this argument in an earlier postconviction motion or appeal and he has failed to give a good reason why he could not have raised this argument sooner. We agree. We are bound by WIS. STAT. § 974.06(4) to dismiss his appeal.

## II. FRIVOLOUS APPEAL SANCTIONS

¶ 19.    On five previous occasions, Casteel's appeals have been dismissed based on WIS. STAT. § 974.06(4) and *Escalona-Naranjo.* This case is dismissed on the same basis. Because we conclude that Casteel knows or should know that this, his eighth postconviction order appeal, is without any reasonable basis in law or equity and is not supported by a good faith argument for an extension, modification or reversal of existing law, we determine that this appeal is frivolous. *See* WIS. STAT. Rule 809.25(3)(c)2.

¶ 20.    As indicated, in his last appeal, *Casteel*, Nos. 99–1436 and 99–1437, we noted that "Casteel's motions and this appeal are frivolous. He fails to understand that he does not have an unlimited right to file successive appeals for relief. . . . In the event that Casteel files another frivolous motion and appeal, we are prepared to order appropriate sanctions." *Id.* at 3.

¶ 21.    The State argues that the court has inherent power to fashion a remedy in this case, citing *Minniecheske v. Griesbach*, 161 Wis. 2d 743, 748, 468 N.W.2d 760 (Ct. App. 1991). It requests the following

sanctions: (1) vacate the orders dated October 25, 2000, waiving the filing fees in this court; (2) assess attorney fees of $100 against Casteel to be paid from his inmate trust account; (3) enter an order instructing the Brown County clerk of circuit court to refuse to file (a) any subsequent motion or pleading in No. 85–CR-780 or 85–CR-1026 or (b) any habeas corpus or other request for postconviction relief attacking the judgments of conviction in these cases without leave of this court; and (4) enter an order that, to obtain the leave of this court, Casteel must identify the issues raised and demonstrate that the issue has not been previously raised in any prior request for postconviction relief, and explain why it could not have been raised in his eight prior requests for postconviction relief.

¶ 22. Casteel does not believe his appeal is frivolous and thus has not responded to the State's arguments for appropriate sanctions.[9] He contends that *Escalona-Naranjo* does not bar his appeal because it is a " 'non sequitor' to suggest that this Court cannot deal with the lack of jurisdiction or loss of competence unless Casteel show[s] 'sufficient reason' for not raising the issue earlier." He seeks to show that earlier non-criminal cases should overrule *Escalona-Naranjo*. We are without authority to overrule supreme court precedent. *Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997).

---

[9] Casteel's failure to respond to these proposed sanctions could be a sufficient basis to grant the State's requested relief. *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 108, 279 N.W.2d 493 (Ct. App. 1979) (propositions are taken as confessed when a party does not refute them).

¶ 23. The purpose of the frivolous claims and appeals statute, Wis. Stat. Rule 809.25(3)[10] is "to deter . . . litigants . . . from commencing or continuing frivolous actions and to punish those who do." *Village of Tigerton*, 211 Wis. 2d at 785. However, "[w]ithout an order prohibiting future filings related to the same issues, these statues would be virtually useless against a pro se party who cannot pay." *Id.* (quoting *Minniecheske*, 161 Wis. 2d at 748). Frivolous actions hinder a court's ability to function efficiently and effectively and to fairly administer justice to litigants who have brought nonfrivolous actions. A court may exercise its inherent power to ensure that it "functions efficiently and effectively to provide the fair administration of justice," *City of Sun Prairie v. Davis*, 226 Wis. 2d 738, 749–50, 595 N.W.2d 635 (1999), and to control its docket

---

[10] WISCONSIN STAT. RULE 809.25(3) provides:

FRIVOLOUS APPEALS. (a) If an appeal or cross-appeal is found to be frivolous by the court, the court shall award to the successful party costs, fees and reasonable attorney fees under this section. A motion for costs, fees and attorney fees under this subsection shall be filed no later than the filing of the respondent's brief or, if a cross-appeal is filed, the cross-respondent's brief.

. . . .

(c) In order to find an appeal or cross-appeal to be frivolous under par. (a) the court must find one or more of the following:

1. The appeal or cross-appeal was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

2. The party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

with economy of time and effort. *Rupert v. Home Mut. Ins. Co.*, 138 Wis. 2d 1, 7, 405 N.W.2d 661 (Ct. App. 1987).

¶ 24.    As quoted above, WIS. STAT. § 974.06(4) provides that a defendant must raise all grounds for relief under the original, supplemental or amended postconviction motion. The court will only review grounds that have not been so raised or waived if the defendant provides a sufficient reason for not raising or adequately raising them in the original, supplemental or amended motion. Casteel has failed to do this in six appeals.

¶ 25.    Because Casteel is abusing the appellate process by repetitively litigating the same matters, no further filings will be accepted from him unless he submits by affidavit all of the following:

> 1. A copy of the circuit court's written decision and order he seeks to appeal,

> 2. A statement setting forth the specific grounds upon which this court can grant relief,

> 3. A statement showing how the issues sought to be raised differ from issues raised and previously adjudicated, and

> 4. A statement of why any new claims so raised are acceptable under *Escalona-Naranjo*, 185 Wis. 2d at 184–86.[11]

¶ 26.    Upon review of those documents, if this court determines that Casteel states no claim, defense or appeal upon which we may grant relief, we will

[11] Failing to file or filing an insufficient affidavit could be punishable with contempt. Filing a false one could result in prosecution for false swearing under WIS. STAT. § 946.32.

refuse to accept the filing. *Cf.* WIS. STAT. § 814.29(1)(c); *In re Davis*, 878 F.2d 211, 212–13 (7ᵗʰ Cir. 1989) (threshold review of the merits is a sensible and constitutional means of dealing with a litigant intent on pressing frivolous litigation). If we cannot determine from the submitted documents whether the appeal has merit, we may require additional documents.[12]

■

¶ 27. This order is drafted narrowly to strike a balance between Casteel's access to the courts, the taxpayers' right not to have frivolous litigation become an unwarranted drain on their resources and the public interest in maintaining the integrity of the judicial system. *See Minniecheske*, 161 Wis. 2d at 749.

*By the Court.*—Order affirmed.

■■■■

---

[12] We would have preferred to fashion a sanction that would spare the trial court from Casteel's further frivolous filings. We are unable, however, to fashion a sanction that would permit the clerk to refuse to accept Casteel's papers for filing without a judge first reviewing them. Indeed, we were concerned that if we applied the sanctions imposed in this decision to trial court filings, we would add to that court's burden. For example, if we required Casteel to certify that an issue had not been previously raised, the trial court would have to review the record to determine whether that was in fact the case. Under *Escalona-Naranjo,* however, the trial court need merely determine whether the new filing attacks the conviction or the sentence and whether there is proffered a good reason why the challenge was not made previously.