State of Wisconsin, Plaintiff-Respondent,
v.
Claude A. Gast, Defendant-Appellant.
No. 03-3182.
Court of Appeals of Wisconsin.
Opinion Filed: August 3, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Claude Gast appeals an order denying his postconviction motion under WIS. STAT. § 974.06.[1] The trial court denied the motion on both procedural and substantive grounds. Because we conclude that the motion and this appeal are procedurally barred by State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), we decline to review the merits of Gast's arguments and we affirm the order. We further conclude that additional sanctions must be imposed on Gast to discourage his attempts to present repetitious and piecemeal challenges to his conviction.
¶2 Gast was convicted of sexually assaulting a child in 1993. Following his direct appeal in which he was represented by counsel, Gast has filed numerous postconviction challenges to the judgment. Before filing the present motion, Gast filed eight postconviction motions, two habeas corpus petitions and two "motions to correct the record" in which he again challenged his conviction. This court has previously ordered that Gast file an affidavit with any postconviction motion or petition averring that it does not raise any previously adjudicated issue. Gast filed such an affidavit with this postconviction motion averring that the four issues were not previously adjudicated. The trial court found that the first and third issues were previously adjudicated and Gast does not challenge that finding on appeal.
¶3 All of Gast's issues are procedurally barred. The issues that were previously adjudicated cannot be raised in a subsequent proceeding. Escalona-Naranjo, 185 Wis. 2d at 181-82. Issues that have not been adjudicated may not be raised in a motion under WIS. STAT. § 974.06 unless Gast establishes "sufficient reason" for his failure to have raised the issues in his earlier postconviction motions, petitions and appeals. See id. He has offered no explanation for his failure to raise these issues in earlier proceedings. This postconviction motion and appeal epitomize the type of piecemeal challenges to a conviction that Escalona-Naranjo is designed to prevent.
¶4 In this court's August 27, 2002 order, we directed the clerk of the trial court and the clerk of this court to return unfiled any motion or petition from Gast unless Gast simultaneously filed an affidavit averring that the motion or petition contains no issues that have been previously adjudicated by the trial court or the appellate court. We conclude that it is appropriate to expand that order at this time. In addition to the affidavit described in that order, we will require Gast to file a statement with any motion or petition setting forth the specific grounds upon which the trial court or this court could grant relief, a statement showing how the issues sought to be raised differ from issues previously adjudicated and a statement establishing why any new issues were not raised in his previous postconviction motions, petitions and appeals. See State v. Casteel, 2001 WI App 188, ¶25, 247 Wis. 2d 451, 634 N.W.2d 338. The clerk of the trial court and the clerk of this court shall return unfiled any motion or petition that is not accompanied by these statements. Upon review of the affidavit and statements, this court or the trial court will determine whether Gast states any claim upon which relief could be granted and may strike the motion or petition if the statement does not establish why the claims are reviewable under Escalona-Naranjo.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.