PER CURIAM.
¶1 Larry George, pro se, appeals an order denying his motion for sentence reduction and "emergency motion for release." The State contends George's present claims are procedurally barred or otherwise precluded by the law of the case doctrine. We agree and, therefore, affirm the order.
BACKGROUND
¶2 The present appeal arises from the denial of George's motion for sentence reduction. This case, however, is but another attempt by George to challenge his sentence computations in Winnebago County Circuit Court case No. 1986CF175 and Brown County Circuit Court case No. 1996CF163. As recounted in an earlier opinion of this court:
In October 1986, George was convicted in Winnebago [C]ounty case No. 1986CF175 of second-degree sexual assault of a child. The circuit court sentenced him to a sixteen-year prison term. George was released on discretionary parole in 1995 and absconded in early 1996. During his nearly three years on the lam, he picked up sexual assault and false imprisonment charges in Brown [C]ounty. His parole was revoked, and he returned to prison.
In August 2001, George was convicted in Brown [C]ounty case No. 1996CF163 of second-degree sexual assault and false imprisonment. The circuit court sentenced him to a consecutive fifteen-year prison term on the sexual assault charge and a concurrent two-year term on the false imprisonment charge.
In September 2012, George filed a motion in the Brown [C]ounty circuit court seeking release from prison. The circuit court denied the request because it was based upon the incorrect premise that George's sentence in the Brown [C]ounty case was concurrent to his sentence in the Winnebago [C]ounty case. The court clarified that its sexual assault sentence was imposed to run consecutively to the Winnebago [C]ounty case. The court further clarified that George only began serving the sexual assault sentence on October 16, 2005, the day after his sentence in the Winnebago [C]ounty case expired. George did not appeal that decision.
George v. Smith , No. 2015AP382, unpublished op. and order (WI App Dec. 2, 2015) (footnote omitted).
¶3 Since commencing his Brown County sentence, George has repeatedly challenged the sentences and their structure, with the goal of securing an earlier-than-scheduled release from prison. See , e.g. , State ex rel. George v. Schwarz , Nos. 2012AP2320 and 2013AP969, unpublished slip ops. (WI App Feb. 19, 2014); State ex rel. George v. Hayes , No. 2014AP1974, unpublished op. and order (WI App Mar. 25, 2015); State v. George , No. 2014AP1723-CR, unpublished op. and order (WI App Sept. 2, 2015); State ex rel. George v. Smith , No. 2015AP382, unpublished op. and order (WI App Dec. 2, 2015); State v. George , No. 2016AP525-CRAC, unpublished slip op. (WI App Jan. 24, 2017); and State v. George , No. 2017AP1971-CR, unpublished op. and order (WI App Oct. 16, 2018).
¶4 In George's 2016 appeal, this court concluded that his persistent challenges to the sentences arise from two misunderstandings:
First, he relies on statements made in the revocation order, the State's briefs, and the Winnebago County court's statements that his sentences were concurrent. The Winnebago County sentences may have been concurrent with one another, but it was for the Brown County court to determine whether its sentence would be consecutive or concurrent to the Winnebago County sentences. The Brown County court clearly imposed a consecutive sentence. Second, George appears to believe he was not serving his Winnebago County sentences while he was out of prison on parole. A defendant who is paroled is still serving a sentence. The term of confinement is not equivalent to the duration of his sentence. State ex rel. Luedtke v. DOC , 215 Wis. 2d 1, 6-7, 572 N.W.2d 864 (Ct. App. 1997). Therefore, George did not begin serving the Brown County sentence until he completed the Winnebago County sentence in October 2005.
George , No. 2016AP525-CRAC, ¶4.
¶5 George filed the underlying motion for a sentence reduction on the grounds that he had admitted to "his role in these crimes," he had successfully completed prison programs, and he had cooperated with police and prison staff. Based on his belief that the Winnebago County and Brown County sentences were concurrent, George also filed an "emergency motion for release," claiming he was being held in prison past his maximum discharge date. The circuit court denied the motions, and this appeal follows.[1]
DISCUSSION
¶6 We first address George's claim that he is entitled to release from prison based on his ongoing belief that "the sentences are concurrent." The State contends the law of the case doctrine precludes this argument. We agree. "[A] decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the trial court or on later appeal." Univest Corp. v. General Split Corp. , 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989). Whether a decision establishes the law of the case presents a question of law we review independently. State v. Stuart , 2003 WI 73, ¶20, 262 Wis. 2d 620, 664 N.W.2d 82.
¶7 This court squarely addressed and rejected George's "concurrent sentences" argument in George , Nos. 2012AP2320 and 2013AP969, ¶¶23-25, and George , No. 2016AP525-CRAC, ¶¶3-4. His petitions for review in appeal Nos. 2012AP2320 and 2013AP969 were denied by our supreme court, and George did not petition for review of our opinion in appeal No. 2016AP525-CRAC. As noted above, we have determined that "George did not begin serving the Brown County sentence until he completed the Winnebago County sentence in October 2005." George , No. 2016AP525-CRAC, ¶4. George cannot circumvent the law of the case doctrine with substantively identical arguments asserting his sentences were concurrent.
¶8 We acknowledge that the law of the case doctrine is not absolute. When "cogent, substantial, and proper reasons exist," a court may disregard the doctrine and reconsider prior rulings in a case. Stuart , 262 Wis. 2d 620, ¶24 (citation omitted). Specifically, our supreme court has stated, "[A] court should adhere to the law of the case 'unless the evidence on a subsequent trial was substantially different, [or] controlling authority has since made a contrary decision of the law applicable to such issues.' " Id. (citation omitted). More broadly, our supreme court has stated that "[i]t is within the power of the courts to disregard the rule of 'law of the case' in the interests of justice." Id. (citation omitted). We conclude this case presents no "cogent, substantial, and proper" reason to disregard the doctrine. George has pointed to no change in the law or substantially different evidence, nor has he persuaded us it is in the interest of justice to revisit issues that were decided in earlier appeals. Further, a defendant may not relitigate a matter previously litigated, "no matter how artfully the defendant may rephrase the issue." State v. Witkowski , 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).
¶9 To the extent George's "emergency motion for release" raised any new arguments, those claims are procedurally barred under State v. Escalona-Naranjo , 185 Wis. 2d 168, 184-85, 517 N.W.2d 157 (1994), which prevents a defendant from raising claims that were or could have been raised in prior postconviction and appellate proceedings unless the defendant articulates a sufficient reason justifying that failure. George offers no such justification.
¶10 Finally, George argues, in the alternative, that he is entitled to a reduction of his sentence "based on his cooperation with police and prison officials."[2] George's conclusory argument is wholly undeveloped. We do not develop a party's issues and arguments on appeal, even when that party is pro se. See State ex rel. Harris v. Smith , 220 Wis. 2d 158, 164-65, 582 N.W.2d 131 (Ct. App. 1998) ; see also State v. Pettit , 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992). Because George's argument does not meet minimal standards of legal analysis, we decline to consider it. See M.C.I., Inc. v. Elbin , 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988) (noting this court may decline to consider arguments that are unexplained, undeveloped, or unsupported by citation to legal authority).
¶11 George has abused the judicial process by repeatedly litigating the same matters, and his repetitive filings have become burdensome on the court system. The State consequently asks us to warn George that if he continues to file repetitious litigation, this court will impose conditions restricting the circumstances in which he may file motions in the circuit court or pursue appeals in this court. See State v. Casteel , 2001 WI App 188, ¶¶24-26, 247 Wis. 2d 451, 634 N.W.2d 338 (sanctions imposed against a litigant because he "abus[ed] the appellate process by repetitively litigating the same matters"). The State's request is appropriate. We therefore caution George that we will not countenance squandering judicial resources with his repeated presentation of the same claims. We are prepared to impose appropriate sanctions should George repeat the claims he has previously made and should we conclude in the future that George's litigation is frivolous, abusively repetitive, or otherwise improper. See id. , 247 Wis. 2d 451, ¶¶25-26.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

During the pendency of this appeal, George filed a motion for remand or additional briefing. We are not persuaded that further circuit court proceedings or supplemental briefing is necessary to resolve the matters on appeal. Therefore, the motion is denied.

As noted above, George's motion in the circuit court sought a sentence reduction based on his admission to "his role in these crimes," his successful completion of prison programs, and his "cooperation" with police and prison staff. On appeal, however, George mentions only his cooperation with police and prison staff as grounds for a sentence reduction. Thus, we deem the other stated grounds abandoned. See A.O. Smith Corp. v. Allstate Ins. Cos. , 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (issues raised before the circuit court but not raised on appeal are deemed abandoned).