COURT OF APPEALS
DECISION
DATED AND FILED

December 22, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP461**

STATE OF WISCONSIN

Cir. Ct. No. **1995CF954770**

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

JONATHAN GILS,

      DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: DENNIS R. CIMPL, Judge. *Affirmed*.

Before Brash, P.J., Donald and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jonathan Gils appeals from an order denying his postconviction motion for relief. Upon review, we affirm.

## BACKGROUND

¶2 This case has been before this court multiple times, as it is the sixth time Gils has sought postconviction relief. Gils's appeal stems from his 1996 conviction, following a jury trial, for two counts of armed robbery, one count of aggravated battery, and one count of substantial battery, all as a party to the crimes. Gils subsequently filed a WIS. STAT. RULE 809.30 (2017-18)[1] postconviction motion, which the circuit court denied. He appealed and we affirmed. *See State v. Gils*, No. 1996AP3543, unpublished slip op. (WI App Jan. 20, 1998).

¶3 In 1999, Gils, *pro se*, filed a motion for postconviction relief under WIS. STAT. § 974.06. The circuit court denied the motion, Gils appealed, and we affirmed. *See State v. Gils*, No. 2000AP180, unpublished slip op. (WI App Apr. 24, 2001).

¶4 In 2010, Gils, *pro se*, filed a motion for sentence modification, which the circuit court determined was actually a motion seeking resentencing. The circuit court denied the motion both on its merits and on the basis that it was barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). The circuit court also denied Gils's motion for reconsideration.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶5 In 2015, Gils filed three postconviction motions asking the circuit court to vacate his judgment of conviction on one of the armed robbery counts (count one) on the grounds that it was fraudulently procured and then allow him to plead guilty to that count. Specifically, Gils alleged that the State committed fraud by intentionally failing to disclose "material" facts to the circuit court. Gils argued that the State's fraud invalidated the amended information. Gils's theory was that the amended information neglected to state that a stolen handgun would partly serve as a factual basis for count one. Gils also moved the circuit court to incorporate two letters from the State into the record, arguing that the letters supported his argument that the State failed to disclose material facts to the court which invalidated the amended information. Gils also moved the court to hold a fact-finding hearing on his motion to set aside his judgment of conviction as to that count. The circuit court denied the motion as procedurally barred by *Escalona*. We affirmed. *See* **State v. Gils**, No. 2015AP414, unpublished op. and order (WI App July 27, 2016).

¶6 On December 13, 2017, Gils, *pro se*, filed the postconviction motion underlying this appeal. Gils argued that pursuant to two United States Supreme Court cases, **Lafler v. Cooper**, 566 U.S. 156 (2012), and **Missouri v. Frye**, 566 U.S. 134 (2012), the State's conduct constituted a violation of his due process rights. Gils argued that he was previously "not aware of the legal basis of his substantively insufficient delusional plea of not guilty."

¶7 The circuit court denied the motion, finding that Gils was essentially attempting to "raise the same or similar issues which were raised in the defendant's 2015 motion and which were deemed barred," namely, that the State's "recitation of the material facts in the complaint and [its] failure to mention certain

information in [its] plea offers concerning the charge of armed robbery in count one."

¶8     This appeal follows.

## DISCUSSION

¶9     On appeal, Gils argues that the Supreme Court's holdings in *Lafler* and *Frye* allow us to review "any prejudicial error occurring during the executory stage of the plea bargaining process." He contends that his failure to raise his *Lafler/Frye* argument in his 2015 motion was due to his "unawareness of the bases underlying [his] constitutional claim," and is not barred by *Escalona* due to the "novelty" of his "constitutional claim."[2]

¶10     We disagree with Gils's argument and conclude that his most recent postconviction claims are barred by *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) (a matter already litigated cannot be relitigated in subsequent postconviction proceedings "no matter how artfully the defendant may rephrase the issue"), and/or *Escalona*, 185 Wis. 2d at 185 (claims that were or could have been raised on a prior direct appeal or postconviction motion from a criminal judgment of conviction cannot be the basis for a subsequent postconviction motion under WIS. STAT. § 974.06 unless the court finds that there was sufficient reason for failing to raise the claim in the earlier proceeding).

---

[2] Gils alternatively argues that he is entitled to resentencing. We agree with the State that "Gils cannot escape the [*State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994)] bar by asking for resentencing instead of a new trial."

¶11     Gils's 2015 postconviction motion and his current motion on appeal stem from the same factual assertion:  that the State failed to disclose material facts to the circuit court and was essentially deceptive in its plea negotiations because it did not provide the complete factual basis for count one.  Gils attempts to avoid the procedural bar by arguing that the "novelty" of *Lafler* and *Frye*—cases which he claims he was previously unaware—provides a new basis for us to review his claims.  Gils's argument fails for multiple reasons.

¶12     First, *Lafler* and *Frye* were both released in 2012—three years prior to Gils's 2015 motion.  Gils relies on multiple easily distinguishable cases to support his assertion that his "unawareness" of *Lafler* and *Frye* does not preclude us from considering his argument; however, he ignores our repeated holding that ignorance of the law is not a sufficient excuse to challenge a judgment of conviction multiple times.  If it were, the procedural bar of *Escalona* and WIS. STAT. § 974.06(4) would be eviscerated, as many, if not most, collateral challenges are raised by *pro se* litigants.

¶13     Second, even if we were to overlook Gils's attempt to put a new legal spin on a repeat argument, neither *Lafler* nor *Frye* actually support Gils's claims.  "The gist of *Lafler* and *Frye* is that plea bargaining is so critical to our criminal justice system that it requires the effective assistance of counsel throughout the bargaining process.  A defendant may now be able [to] raise specific challenges to counsel's performance in plea bargaining even if the defendant receives a fair trial." *State v. Frey*, 2012 WI 99, ¶59, 343 Wis. 2d 358, 817 N.W.2d 436.  These holdings are not only inapplicable to the facts of Gils's case, but they would not have affected Gils's ability to raise the State's purported failings in a former motion.

¶14 For the foregoing reasons, we affirm the circuit court.[3]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] Because Gils has sought postconviction relief six times, the State asks that we advise Gils that further attacks on his convictions will result in conditions restricting the circumstances under which he may pursue appeals and sanctions for violating those conditions. *See **State v. Casteel***, 2001 WI App 188, ¶¶19-27, 247 Wis. 2d 451, 634 N.W.2d 338. While we decline at this point to issue a definite *Casteel* warning, we remind Gils that claims unsupported by a sufficient reason for not previously raising them, rephrasing of resolved issues, and conclusory assertions will not earn him postconviction relief.