COURT OF APPEALS
DECISION
DATED AND FILED

**January 4, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP263-CR**

STATE OF WISCONSIN

Cir. Ct. No. **1998CT1403**

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

ROBERT E. HAMMERSLEY,

  DEFENDANT-APPELLANT.

---

APPEAL from orders of the circuit court for Brown County: BEAU LIEGEOIS, Judge. *Affirmed; sanctions imposed*.

¶1 STARK, P.J.[1] Robert E. Hammersley, pro se, appeals orders denying his motions for a John Doe hearing,[2] denying his motion for

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

reconsideration of that denial, and the circuit court's failure to act on his petition for a writ of coram nobis. We conclude that Hammersley's claims are procedurally barred. Accordingly, we affirm.

## BACKGROUND

¶2 In 1998, a vehicle that Hammersley was driving collided with another vehicle, and Hammersley drove away from the accident scene. The other vehicle's occupants followed Hammersley and eventually "held him" at a gas station until the police arrived. Hammersley gave various versions of the events surrounding the collision to police and he ultimately told the investigating police officer that he knew he was drunk. A subsequent blood test yielded a result of 0.17 blood alcohol content.

¶3 Hammersley was charged with three counts: hit and run of an attended vehicle; operating a motor vehicle while intoxicated as a third offense; and operating a motor vehicle with a prohibited alcohol concentration (PAC) as a third offense. He pled no contest to the first and third counts, and the second count was dismissed.[3] Sentence was withheld on the hit-and-run count, and Hammersley was placed on probation for one year. On the third count, the circuit court sentenced Hammersley to forty-five days in jail, and revoked his driver's license for twenty-six months.

---

[2] "The Wisconsin John Doe proceeding is a criminal investigatory inquiry provided for by [WIS. STAT.] § 968.26. Its purpose is to ascertain whether a crime has been committed and by whom." WIS JI—CRIMINAL SM-12 (2019).

[3] Pursuant to WIS. STAT. § 346.63(1)(c), the operating while intoxicated charge was dismissed after Hammersley's no-contest plea.

2

¶4 On April 21, 2020, Hammersley filed a pro se "Petition for Reconsideration of 2013 Decision and/or New Tendering of Request for a John Doe Hearing Pursuant to [WIS. STAT. ]§ 968.26 and/or Federal Investigations with Request for 13 Judicial Notices."[4] The petition alleged that following the accident, the occupants of the vehicle he hit had attempted to murder him that day by throwing a tire iron at him. The petition further alleged that the vehicle's occupants kidnapped him when they held him until the police arrived, that these acts amounted to "terrorism," and that the police were complicit in these actions. The circuit court denied the petition in a written order on July 24, 2020, due to the matter having "already been reviewed and conclusively decided by [the circuit court], [which] denied Mr. Hammersley's previous petition." On August 12, 2020, Hammersley filed a motion for reconsideration of the July 2020 order, and that motion was denied on September 2, 2020.

¶5 On September 21, 2020, Hammersley filed a three-part petition for a John Doe hearing. This petition was denied, and Hammersley's subsequent motion for reconsideration was also denied. On December 10, 2020, Hammersley filed a "Petition for Coram Nobis[5] and Reassessment of 2020 John Doe Decisions

---

[4] Hammersley has not provided this court with his original John Doe petition or the 2013 order denying his petition, nor has he identified any facts that would demonstrate that the circuit court violated a plain legal duty by denying the 2013 petition. We note that "[i]t is the appellant's responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the … court's ruling.'" *State v. McAttee*, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 (citation omitted).

[5] A writ of coram nobis

(continued)

File No. 13JD24 and/or Continued Request for a John Doe Hearing Pursuant to WIS. STAT. § 968.26 and/or Coupled with Requests Under 28 U.S.C. § 535 Federal Investigations with Re-Requested 13 Judicial Notices to Assist in Setting Aside the Wrongful Convictions in Case No. [19]98CT1403." This document contained the same allegations as the April 2020 request for a John Doe hearing. The circuit court did not act on this petition.

¶6 On July 23, 2021, Hammersley filed a petition for a writ of mandamus in this court, which we denied, stating the following:

> Robert Hammersley has filed a petition for a supervisory writ of mandamus that appears to be challenging: (1) an order issued by Judge Beau G. Liegeois on July 24, 2020, denying Hammersley's petition for a John Doe investigation; (2) an order issued by Judge Liegeois on September 2, 2020, denying Hammersley's motion for reconsideration of the denial of the John Doe petition and directing Hammersley to apply to this court with any further requests for review of the John Doe proceeding; and (3) the circuit court's failure to act upon Hammersley's December 2, 2020, petition for a writ of coram nobis relating to a conviction in a 1998 Brown County case. These appear to be essentially the same issues Hammersley previously raised before this court in his "request for investigation" in No. 2021XX625.
>
> Aside from being procedurally barred from filing successive petitions seeking the same relief, Hammersley again fails to provide any grounds that would warrant the relief he seeks. Hammersley has not provided copies of his original John Doe petition or the July 24, 2020, order

> is of very limited scope. It is a discretionary writ which is addressed to the [circuit] court. The purpose of the writ is to give the … court an opportunity to correct its own record of an error of fact not appearing on the record and which error would not have been committed by the court if the matter had been brought to the attention of the … court.

*Jessen v. State*, 95 Wis. 2d 207, 213-14, 290 N.W.2d 685 (1980).

4

denying it, and he has not identified any facts that would demonstrate the judge violated a plain legal duty by denying the petition. In addition, Hammersley continues to operate under the mistaken belief that the circuit court judge could issue a supervisory writ to himself upon reconsideration. As we have previously explained, the proper mechanism for review of an order denying a John Doe petition is by a supervisory writ petition to this court, not by a writ petition to the circuit court. *See State ex rel. Unnamed Person No. 1 v. State*, 2003 WI 30, ¶38, 260 Wis. 2d 653, 660 N.W.2d 260.

Finally, assuming we construe the circuit court's failure to act upon the coram nobis petition—in conjunction with its prior indication that it would not be addressing the matter further—as a constructive denial of the petition, Hammersley has not demonstrated that he was entitled to coram nobis relief.

   ….

In order to constitute grounds for the issuance of a writ of error coram nobis there must be shown the existence of an error of fact which was unknown at the time of trial and which is of such a nature that knowledge of its existence at the time of trial would have prevented the entry of judgment. The writ does not lie to correct errors of law and of fact appearing on the record since such errors are traditionally corrected by appeals and writs of error. Likewise where the writ of habeas corpus affords a proper and complete remedy the writ of error coram nobis will not be granted. On an application for a writ of error coram nobis the merits of the original controversy are not in issue. *Jessen v. State*, 95 Wis. 2d 207, 213-14, 290 N.W.2d 685 (1980) (citations omitted).

In short, Hammersley's complaints of "a whole slew of fundamental and/or structural errors in the 1998 conviction" are the types of alleged errors of law and fact that could have been addressed by a timely appeal, and they are not the proper subject of a coram nobis petition.

*Hammersley v. Circuit Ct. for Brown Cnty.*, 2021AP1269-W (WI App. Dec. 22, 2021).

¶7 Hammersley now appeals the circuit court's orders denying his April 2020 and August 2020 motions, as well as the circuit court's failure to act on his December 2020 petition for a writ of coram nobis.

## DISCUSSION

¶8 Hammersley argues that the circuit court should have heard his John Doe motions, should have granted his petition for a writ of coram nobis, and should have "voided the … wrongful criminal judgments and unlawful … arrests against him." We conclude that Hammersley's claims are procedurally barred.

¶9 "Whether a defendant's appeal is procedurally barred is a question of law that we review *de novo*." *State ex rel. Washington v. State*, 2012 WI App 74, ¶27, 343 Wis. 2d 434, 819 N.W.2d 305. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶10 Hammersley raises a number of issues regarding the circuit court's denial of his motions and failure to act on his petition for a writ of coram nobis.[6] He appears to argue that the court erred by failing to consider the merits of his John Doe motions and his petition for a writ of coram nobis. It is clear, however,

---

[6] To the extent we do not address issues or arguments that Hammersley intended to raise, we conclude that such issues or arguments are not sufficiently developed, are conclusory, and are too difficult to decipher. Accordingly, we reject them. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

We also note that Hammersley appears to argue errors in other cases that are unrelated to this case. We will not discuss the merits of these claims and will not address them any further.

that the issues Hammersley raised in those filings were previously addressed by the circuit court and this court.

¶11     The circuit court denied Hammersley's April 2020 petition for reconsideration of its 2013 order denying his motion for a John Doe hearing because the issues had "already been reviewed and conclusively decided." Similarly, his August 2020 motion for reconsideration of the July 2020 order was denied because the issues raised in the petition had already been litigated. Hammersley's September 2020 motion for a John Doe hearing was denied for a number of reasons, including that the facts Hammersley cited in support of his motion would not affect his underlying PAC conviction. Finally, this court denied Hammersley's July 2021 petition for a writ of mandamus for the reasons quoted above. Thus, the issues raised in Hammersley's John Doe motions, petition for a writ of coram nobis, and petition for a writ of mandamus have all been previously litigated and "may not be relitigated in a subsequent postconviction proceeding." *See id.*

¶12     In reply, Hammersley argues that his claims are not barred by *Witkowski* because they were not "properly" previously litigated. It is unclear what Hammersley means by "properly" litigated, insomuch as his claims and allegations have been extensively addressed by the circuit court and this court in prior decisions. We also note that Hammersley had the opportunity to appeal the 2013 order denying his original petition for a John Doe hearing, but he failed to do so. Accordingly, we reject this undeveloped argument. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶13     Hammersley argues that his claims could not have been raised in previous appeals "without an actual real investigation and terrorism and

government misconduct." Again, while difficult to understand his briefing, the crux of Hammersley's argument appears to be that he should be granted postconviction relief in this case because he fled the scene of the 1998 collision due to the occupants of the other vehicle allegedly attempting to murder and kidnap him and these acts amounted to terrorism.

¶14 Regardless of any potential merit in these claims, the bases for Hammersley's requested John Doe proceedings and writ of coram nobis have been previously addressed by the circuit court and this court. His assertion that he could not have raised these claims in previous appeals is without merit, and his claims are procedurally barred.[7]

¶15 The State argues that Hammersley is abusing the appellate process by repetitively relitigating the same matters, and it asks that this court impose sanctions against Hammersley. In light of Hammersley's repetitious filings, we agree. This court has the inherent power to "ensure that it 'functions efficiently and effectively to provide the fair administration of justice,' and to control its docket with economy of time and effort." *State v. Casteel*, 2001 WI App 188, ¶23, 247 Wis. 2d 451, 634 N.W.2d 338 (citation omitted). "Frivolous actions hinder a court's ability to function efficiently and effectively and to fairly administer justice to litigants who have brought nonfrivolous actions." *Id.* This court can require that a litigant abusing the appellate process obtain prior approval

---

[7] We further note that Hammersley's allegations made in support of his John Doe motion would not provide a basis for any relief to Hammersley regarding his PAC conviction in this case. Even if the alleged crimes by the vehicle's occupants took place, those crimes do not in any way suggest that Hammersley was innocent of the crime of operating a vehicle with a prohibited alcohol content.

for any future filings, on a case-by-case basis, so as to prevent additional frivolous findings. *Id.*, ¶¶23-27.

¶16 Accordingly, we order that no further appellate filings will be accepted from Hammersley unless he submits by affidavit all of the following: (1) "[a] copy of the circuit court's written decision and order he seeks to appeal," (2) "[a] statement setting forth the specific grounds upon which this court can grant relief," (3) "[a] statement showing how the issues sought to be raised differ from issues raised and previously adjudicated, and" (4) "[a] statement of why any new claims so raised are acceptable under [*Witkowski*, 163 Wis. 2d at 990.]" *See Casteel*, 247 Wis. 2d 451, ¶25.

*By the Court.*—Orders affirmed; sanctions imposed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.