COURT OF APPEALS
DECISION
DATED AND FILED

January 27, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP2179**

STATE OF WISCONSIN

Cir. Ct. No.  2022GN42

IN COURT OF APPEALS
DISTRICT III

IN THE MATTER OF THE GUARDIANSHIP AND PROTECTIVE PLACEMENT OF J. E. A.:

OUTAGAMIE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

PETITIONER-RESPONDENT,

GUARDIANS OF TOMORROW, INC.,

RESPONDENT,

V.

J. E. A.,

RESPONDENT,

RICHARD A. LAUER,

APPELLANT.

APPEAL from an order of the circuit court for Outagamie County: VINCENT R. BISKUPIC, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Richard Lauer, pro se, appeals from an order that denied his petition under WIS. STAT. § 54.68(5) (2023-24),[1] to remove the paid corporate guardian for his friend Jane[2] and to have himself appointed as a volunteer guardian.  Lauer contends that he was entitled to a noticed hearing on his petition pursuant to § 54.68(3) and that the circuit court should have granted Lauer's motions to add him as a party to the case, to grant him access to the eFiling system, and to appoint adversary counsel for Jane.  Lauer also challenges the circuit court's consideration of responses to his petition from Jane's guardian ad litem (GAL) and corporation counsel acting on behalf of the Outagamie County Department of Health and Human Services (DHHS).

¶2      We conclude that the allegations in Lauer's petition were facially insufficient to warrant a hearing in light of more recent proceedings in a related protective placement case; that Lauer's status as a petitioner to remove Jane's corporate guardian does not entitle him to party status or eFiling access in the underlying guardianship case; that there was no need for the circuit court to appoint adversary counsel given the posture of this case; and that the DHHS and the GAL were properly allowed to respond to the petitions as a party and a statutorily

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  Because this is a confidential guardianship matter, we use a pseudonym for the ward. *See* WIS. STAT. § 54.75.

interested person, respectively, to the underlying guardianship case. We therefore affirm.

## BACKGROUND

¶3 On July 28, 2022, the circuit court granted the DHHS's petition to appoint Guardians of Tomorrow as the paid corporate guardian for Jane's person and estate pursuant to WIS. STAT. ch. 54. *See* WIS. STAT. § 54.10. That same day, the court also issued a WIS. STAT. ch. 55 order for protective placement authorizing Guardians of Tomorrow to place Jane in a residential facility, with required annual *Watts* reviews. *See State ex rel. Watts v. Combined Cmty. Servs. Bd. of Milwaukee Cnty.*, 122 Wis. 2d 65, 362 N.W.2d 104 (1985).

¶4 Following the denial of several other petitions that are the subject of a companion appeal (No. 2023AP2332, which is also decided today), Lauer filed a GN-3670 form entitled "Petition for Review of Conduct of Guardian" on July 31, 2024. In the petition, Lauer checked boxes indicating that he was petitioning as a friend of Jane on the ground that "changed circumstances indicate that a previously unavailable volunteer guardian is available to serve as guardian and that the change is in the best interests of the ward." In an attached memorandum, Lauer alleged that staff at the facility where Jane was housed would not change Jane's soiled undergarments unless Jane first transferred herself from her wheelchair to her bed without assistance. Lauer further alleged that Jane "does not eat well" and does not always take her medications. Lauer then asserted that he was willing and able to serve as a volunteer guardian for Jane and that his involvement would be in Jane's best interests "due to [his] close relationship and commitment to [Jane's] physical and mental well-being."

¶5 Lauer asked for a hearing and further requested that he be joined as a party to the guardianship case; that he be allowed to participate in the proceeding as an eFiler; and that the circuit court appoint adversary counsel for Jane pursuant to WIS. STAT. § 54.42. Jane's GAL sent the court a letter contending that: (1) Lauer lacked standing to bring a petition for review of the conduct of a guardian because he was not an "interested person" under WIS. STAT. § 54.01(17); and (2) Lauer had not alleged any facts that showed the corporate guardian had significant control over Jane's placement, which was subject to the court's protective placement orders. Outagamie County's corporation counsel sent the court a letter on behalf of the DHHS similarly contending that: (1) Lauer lacked standing under WIS. STAT. § 54.68(4) to bring a removal petition because he was not a "party" to the action; (2) Lauer's allegations did not provide a prima facie case for relief because they primarily concerned the actions of staff at the care facility, not the guardian; and (3) any concerns Jane had about her placement had already been adjudicated at a *Watts* review hearing held on August 9, 2024, at which Jane was represented by adversary counsel and her best interests were represented by her GAL.

¶6 The circuit court dismissed Lauer's petition without a hearing and denied his other requests. The court noted that Lauer had failed to provide any details about his own skills or qualifications to act as Jane's guardian or any explanation of how he could achieve better results for Jane. Given the conclusory nature of Lauer's allegations, information from the recent *Watts* review, and the objections of the GAL and the DHHS, the court found no factual basis to conclude that removing the corporate guardian in favor of Lauer would be in Jane's best interests. Lauer now appeals.

4

## DISCUSSION

¶7      Although Lauer enumerates 15 issues for appeal, several of his issues overlap, and some of the issues are dispositive of others. *See **Miesen v. DOT***, 226 Wis. 2d 298, 309, 594 N.W.2d 821 (Ct. App. 1999) (stating that the court of appeals "should decide cases on the narrowest possible grounds"); ***Turner v. Taylor***, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (noting that the court of appeals need not address all issues raised by the parties if one is dispositive). We will therefore address Lauer's issues in four related groups. Any issues that we do not explicitly address are deemed denied or unnecessary to address, given our discussion of other issues.

### I.  Right to a Noticed Hearing

¶8      We begin with what we view to be one of Lauer's primary contentions on appeal—namely, that he was entitled to a hearing and notice of the hearing under WIS. STAT. § 54.68(3). As a threshold matter, we concur with Lauer's assertions that his use of form GN-3670 was the proper way to initiate a petition for the removal of a paid guardian in favor of a volunteer guardian under § 54.68(5) and that § 54.68(3) generally applies to such petitions (which are a subset of petitions for the review of the conduct of guardians). We disagree, however, that a noticed hearing is required for every petition filed under § 54.68(5).

¶9      WISCONSIN STAT. § 54.68(3) provides in relevant part:

> Upon the filing of a petition for review of the conduct of a guardian, the court shall hold a hearing in not less than 10, nor more than 60, days and shall order that the petitioner provide notice of the hearing to the ward, the guardian, and any other persons as determined by the court.

Lauer contends that the use of the term "shall" creates a mandatory duty for the circuit court to hold a hearing on every petition filed under § 54.68(5).

¶10 We disagree. In particular, we note that the general pleading requirements for civil actions set forth in WIS. STAT. § 802.02 also apply to petitions filed in WIS. STAT. ch. 54 cases. Section 802.02(1) requires a pleading to set forth a claim upon which relief could be granted. In addition, a circuit court must be able to function efficiently and control its docket when faced with frivolous or repetitive litigation. *State v. Casteel*, 2001 WI App 188, ¶23, 247 Wis. 2d 451, 634 N.W.2d 338. This ability may include threshold review of the merits of an action by a litigant who has abused the system in the past. *Id.*, ¶26.

¶11 Here, Lauer's petition failed to allege facts that would entitle him to the relief sought. Specifically, even if Lauer could show that staff at the facility where Jane was housed were providing inadequate care in some regard, Lauer did not allege any facts to show that appointing him as a volunteer guardian in place of the paid guardian would be in Jane's best interests. Jane's placement in the facility whose staff Lauer alleged to be providing inadequate care was subject to an annual *Watts* review in Jane's WIS. STAT. ch. 55 proceeding, and that placement was outside the scope of the WIS. STAT. ch. 54 proceeding. If appointed as a volunteer guardian, Lauer would have no more ability to unilaterally move Jane to another facility without approval from the circuit court in the ch. 55 proceeding than the paid guardian.

¶12 In addition, the circuit court could properly consider the repetitive nature of some of Lauer's claims, especially in light of the recent *Watts* review, in deciding the petition without a hearing. Notably, Jane had expressed no concerns

with her paid guardian during a *Watts* hearing conducted nine days after Lauer filed his petition.

¶13    Because Lauer was not entitled to a hearing, there was no need to provide notice of a hearing.

## II.  Lauer's Party Status and Access to eFiling

¶14    Lauer contends that the circuit court should have joined him as a party to the underlying guardianship proceeding based upon his status as a petitioner to become a volunteer guardian for Jane.  The joinder statute applies when complete relief cannot be accorded among those who are already parties, or when the disposition of the action in the absence of a person may impair or impede the person's interest in the subject of the action.  WIS. STAT. § 803.03(1).  Neither situation applies here.

¶15    The circuit court had the authority, without Lauer's joinder, to provide the relief requested in Lauer's petition if Lauer had provided sufficient evidence to prove the petition.  Further, Lauer himself has no personal interest in the underlying guardianship action that could be impaired or impeded.  The court correctly determined that Lauer need not be joined as a party to the underlying guardianship proceeding.

## III.  Adversary Counsel for Jane

¶16    The record does not show that Jane, her paid guardian, or her GAL requested adversary counsel for this petition to remove her paid guardian (as opposed to adversary counsel for her *Watts* review).  Therefore, the circuit court had no obligation to appoint adversary counsel for Jane.

7

**IV. Participation by the GAL, the DHHS and Corporation Counsel**

¶17    Unlike Lauer, the DHHS and the GAL both had standing to participate in any matters arising out of the guardianship proceedings.  The DHHS was a party because it filed the underlying guardianship petition, and the corporation counsel representing the DHHS was also an interested person under WIS. STAT. § 54.01(17)(a)9.  The GAL was appointed by the circuit court to represent Jane's interests and, therefore, also could be properly designated by the court as an interested person under § 54.01(17)(a)10.  Accordingly, the court did not err, violate either Jane's or Lauer's due process rights, or demonstrate impartiality by allowing the DHHS, corporation counsel, and the GAL to participate in the special proceeding initiated by Lauer's petition.

*By the Court.—*Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.