Donald MINNIECHESKE and Al C. Fischer,
Plaintiffs,

v.

Merlin GRIESBACH and Willa Griesbach,
Defendants-Third Party Plaintiffs-Appellants,†

v.

John DOES (1 thru 50) and Jane Does (1 thru 50),
Defendant-Third Party Defendant-Respondent,

Thomas E. NOOYEN and Valley Bank, f/k/a Valley
Northern Bank, Third Party Defendants-Respondents.

Court of Appeals

*No. 90–1635. Submitted on briefs January 4, 1991.—Decided
March 19, 1991.*

(Also reported in 468 N.W.2d 760.)

†Petition to review filed.

On behalf of defendants-third-party plaintiffs-appellants, the cause was submitted on the briefs of *Merlin Griesbach* and *Willa Griesbach* of Appleton.

On behalf of third-party defendants-respondents, the cause was submitted on the brief of *Thomas H. Sutter* and *Richard Knight* of *Sigman, Janssen, Stack, Wenning & Sutter* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Merlin and Willa Griesbach appeal an order that (1) a judgment be entered in favor of Valley Northern Bank for $2,905.06 attorney fees in

accordance with sec. 809.25, Stats. (frivolous appeal), and (2) until such time as the fees are paid, the Griesbachs may not, without leave of the trial court, file any civil actions or motions in the circuit court against the bank relating to the issues or facts of a previous foreclosure judgment. We reject the arguments that the trial court abused its discretion and exceeded its authority and affirm.[1]

This appeal caps more than five years of numerous pleadings, motions and appeals by the Griesbachs based on the same facts and issues. Initially, in 1985, the bank filed a foreclosure action against them. Thereafter, during sixteen months of discovery, the Griesbachs filed three last minute petitions in federal court, all of which were quickly dismissed, and failed to appear at several scheduled depositions and a hearing on sanctions. After imposing a lesser sanction that the Griesbachs ignored, the trial court ultimately struck their answer and granted judgment to the bank. On a prior appeal, we upheld the foreclosure judgment and concluded that the appeal was frivolous because none of the issues raised had any reasonable basis in law or equity. *Valley Northern Bank v. Griesbach,* No. 86-2096 unpublished slip op. (Wis. Ct. App. Aug. 11, 1987).

After a sheriff's sale of the property and a trial court order confirming that sale, the Griesbachs filed a petition for a writ of prohibition or a writ of mandamus challenging the order and writ of assistance. We denied

---

[1]The Griesbachs only implicitly raise the issue of whether the award of attorney fees was proper, but make no arguments on the issue. Their brief addresses only the restrictions on their right to file. We therefore summarily affirm the trial court's order for $2,905.06 attorney fees pursuant to sec. 809.25(3), Stats. *See In re Balkus,* 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985).

the petition. *Minniecheske v. Griesbach,* No. 89-0616 unpublished slip op. (Wis. Ct. App. Apr. 17, 1990). The Griesbachs then filed a motion in the trial court to vacate the judgment of foreclosure, sale and writ of assistance. The trial court denied this motion "finding that the issues raised . . . are for the most part issues previously considered by this Court and the Court of appeals . . .."

Meanwhile, the owners of the foreclosed property upon which the Griesbachs had resided brought suit against the Griesbachs. The Griesbachs filed a third-party complaint against Valley Northern Bank, again alleging arguments relating to the foreclosure and sale.[2]

The Griesbachs filed various motions, most of which repeated arguments and issues previously adjudicated. Eventually the trial court dismissed the Griesbachs' third-party complaint against the bank and cautioned that "further attempts to replead the same allegations may well be so considered [frivolous] . . .."

The Griesbachs appealed, and we affirmed. *Id.* We further concluded that the appeal was frivolous and remanded for a determination of reasonable attorney fees pursuant to sec. 809.25(3)(c), Stats., stating that the Griesbachs' "incessant challenges to the propriety of the foreclosure judgment . . . [are] nothing more than a stubborn refusal to accept the earlier valid judgments,

---

[2]These arguments include: The trial court did not lawfully exist at the time it entered the foreclosure judgment; the trial court lacked subject matter and personal jurisdiction; the bank forged Merlin Griesbach's signature on the mortgage renewal note; the trial judge presided over the foreclosure case without a "subscribed oath of office"; the Griesbachs were wrongly denied a homestead exemption; the sheriff sold the property for a price substantially lower than its value; and the bank did not have a valid lien against the Griesbachs.

746

orders, and opinions of the courts . . .." *Minniecheske,* No. 89-0616 at 8.

On remand, the trial court issued the order from which the Griesbachs are currently appealing. The order awards $2,905.06 for reasonable attorney fees to the bank and further orders:

> Until the total amount of the judgment of $2,905.06 is paid . . . [the] Griesbach[s] . . . may not file any civil action or begin any other proceeding or file any other motions or papers in the circuit court seeking any relief against Valley Bank, its employees or agents relating in any way to issues arising out of the mortgage or those other facts which were the subject of a foreclosure action . . . Case No. 85-CV-445 or 85-CV-445R, without leave of court. In seeking leave of court, the . . . parties must identify all the claims . . . and must certify that they are new claims never before raised and disposed of on the merits by any court. Upon a failure to certify or upon a false certification, the party seeking such relief may be found in contempt of court and punished accordingly. No further proceedings shall take place in Outagamie County Circuit Court, nor shall any other filings be accepted, until the court has . . . determine[d] whether the action the party proposes to bring presents a colorable claim.

Despite the order, the Griesbachs again filed motions challenging the original foreclosure action. The trial court returned the documents to the Griesbachs and suggested that they comply with the trial court order while awaiting this decision.

The question of validity of the trial court's order is a case of first impression in Wisconsin. We are, however, persuaded by several federal decisions dealing with this same issue and accordingly affirm the trial court order.

We review the issuance of the order under an abuse of discretion standard. *In re Packer Ave. Assocs.,* 884 F.2d 745, 747 (3d Cir. 1989).

The purpose of the frivolous claims and appeals statutes[3] is "to deter . . . litigants . . . from commencing or continuing frivolous actions and to punish those who do." *Stoll v. Adriansen,* 122 Wis. 2d 503, 511, 362 N.W.2d 182, 187 (Ct. App. 1984). Without an order prohibiting future filings related to the same issues, these statutes would be virtually useless against a pro se party who cannot pay. *See Lysiak v. Commissioner,* 816 F.2d 311, 312–13 (7th Cir. 1987). "A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." *Id.* at 313.

In *In re Green,* 669 F.2d 779 (D.C. Cir. 1981), a prisoner had filed between 600 and 700 complaints in state and federal court realleging the same claims. The court issued an order that Green may not file any civil action without leave of the court and must certify that the claims alleged have never been raised and disposed of before, or Green will be held in contempt. *Id.* at 787. This order was designed to curb Green's abuse while observing his right to access the courts. *Id.* at 781.

[3]Section 814.025(1), Stats., states:

If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

Section 809.25(3)(a), Stats., states: "If an appeal or cross-appeal is found to be frivolous by the court, the court shall award to the successful party costs and fees under this section."

The courts that have considered similar orders have emphasized that they should be narrowly tailored and rarely issued. *See id.* at 784; *In re Oliver,* 682 F.2d 443, 445 (3d Cir. 1982); *In re Martin-Trigona,* 763 F.2d 140, 141–42 (2d Cir.), *cert. denied,* 474 U.S. 1061 (1985). We cannot unduly deny a party access to the judicial system. *See Littmann v. Littmann,* 57 Wis. 2d 238, 250, 203 N.W.2d 901, 907 (1973) (*civil* "plaintiff has a legitimate right of access to the Wisconsin courts"); *see also Bounds v. Smith,* 430 U.S. 817, 821 (1977) (*prisoners* have a constitutional right of access to the courts).

This order is drafted narrowly enough to strike a balance among the Griesbachs' access to the courts, the bank's interest in res judicata, the taxpayers' right not to have frivolous litigation become an unwarranted drain on their resources and the public interest in maintaining the integrity of the judicial system. *See Packer Ave. Assocs.,* 884 F.2d at 748; *see also Stoll,* 122 Wis. 2d at 511, 362 N.W.2d at 187.

Because we conclude that the trial court properly exercised its discretion by issuing the order, we also reject the Griesbachs' argument that justice has miscarried and decline to reverse the order pursuant to sec. 752.35, Stats.

*By the Court.*—Order affirmed.