VILLAGE OF TIGERTON, Plaintiff-Respondent,

v.

Donald MINNIECHESKE, James Minniecheske, Judith Minniecheske, James Ramsden, Defendants-Appellants, †

Mark VAN DYKE, Rodney C. Johnson, Sally A. Minniecheske, Joann Redman, Jeremy Erickson, Leonard Peth, Orlando Richards, Thomas Stockheimer, Jim McClellan, and Jack Minniecheske, Defendants.

Court of Appeals

*No. 96–1933. Submitted on briefs February 19, 1997.—Decided May 20, 1997.*

(Also reported in 565 N.W.2d 586.)

† Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *James Minniecheske, Judith Minniecheske and Donald Minniecheske of Tigerton Dells, and James Ramsden of Stevens Point.*

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Timothy J. Schmid of Shawano.*

Before LaRocque, Cane and Myse, JJ.

LaROCQUE J. Donald, James and Judith Minniecheske and James Ramsden appeal a harassment injunction issued by the Shawano County Circuit Court that, among other things, enjoined them from filing suit against the Village of Tigerton and certain others without prior approval of the court.[1] They argue that Judge Schmidt erred by refusing to honor a second request for a substitution of judge, that the Village could not prosecute this action while an earlier identical petition was pending, that the harassment injunction statute, § 813.125, STATS., provides relief only to natural persons and, in summary fashion, contend that the trial court has unconstitutionally denied them access to the courts.

---

[1] The court ordered that before any suit is filed against the Village of Tigerton, its agents, officials, employees, contractors and subcontractors, prior approval must be obtained from the Shawano County Circuit Court.

We conclude that (1) the second substitution of judge request was properly denied because the parties were united in interest and had already obtained a different judge from the judge originally assigned the case; (2) the absence of a written order of dismissal of the earlier action did not affect the substantial rights of the parties; (3) a municipal corporation may obtain a harassment injunction; and (4) courts have the inherent power to set reasonable restrictions on access to the courts by persons filing frivolous claims. Because the trial court's authority to deny the filing of a lawsuit is restricted to frivolous lawsuits, we modify the order to so provide. As modified, the order is affirmed.

Before proceeding, it is important to note what issues are not raised on appeal. The appellants do not raise an issue or discuss the restriction upon their limited entry onto Village property.[2] They do not raise an issue with the requirement that all notice of claims be served on the Village attorney. The appellants do not discuss the sufficiency of the evidence to support an injunction or the validity of the *scope* of the restriction on their right to file lawsuits.[3] We therefore limit our opinion to the following issues.

---

[2] The court ordered that "All of the Respondents are hereby ordered not to go onto any Village of Tigerton property, except any highway the Village of Tigerton may have title to, or attend its meetings in the Village of Tigerton." Because the appellants do not take issue with this provision of the order, we do not address it further.

[3] The appellants include these among the issues presented:

5. Can any Citizen of Wisconsin file a Claim for damages for personal property and refused relief [sic] and then an action in the court for damages pursuant to Wisconsin Statutes???

6. Can a Judge issue an order to prohibit a Citizen of Wisconsin from filing a Claim for damages for personal property and then an

## REQUEST FOR SUBSTITUTION

■

Section 801.58, STATS., the statutory grant to any party to a civil action the right to file a written request to substitute the judge assigned the case, treats parties united in interest and pleading together as a single party. *State ex rel. Carkel v. Circuit Court for Lincoln County,* 141 Wis. 2d 257, 414 N.W.2d 640 (1987). *Carkel* observes that the phrase "united in interest" has been a "fertile source of litigation," and refers to the definition found in BLACK'S LAW DICTIONARY 1375 (5th ed. 1979): parties are united in interest "when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action." *Carkel,* 141 Wis. 2d at 267, 414 N.W.2d at 644.

Presently, one of the parties substituted the original judge and the case was assigned to Judge Schmidt. Thereafter, James Ramsden sought to substitute Judge Schmidt. The request was denied on grounds that the parties were united in interest. Ramsden apparently advanced the argument in the trial court that he was not similarly interested because he was not a trustee of the Life Science Church. The circuit court ruled that the distinction was irrelevant to the litigation. On appeal, the only argument advanced is that Ramsden is "a third party defendant and interest is different than the other defendants . . . ."

■

First, the petition for an injunction does not seek any relief or raise a question with respect to the appellants' church affiliation. Further, we do not understand the reference to a "third party defendant."

action in the court for relief pursuant to Wisconsin Statutes and the United States and Wisconsin Constitutions???

Finally, appellants advance no argument or explanation why Ramsden's interest in the litigation is different or why he will be affected differently by the relief granted. Judge Schmidt therefore was not disqualified by the second substitution request.

## TWO ACTIONS PENDING RELATING TO SAME SUBJECT

Next, the appellants suggest that a prior identical action by the Village remained extant and barred this action. The Village does not dispute that it filed an earlier action on March 21, 1996, against the same parties pursuant to the harassment statute, § 813.125, STATS. However, when the appellants requested a substitution of judge in that action, the court administrator was unable to obtain a new judge to hear the matter within the seven-day time limit imposed by § 813.125(3). When a trial court does not at least begin the injunction hearing within seven days, or properly provide notice of a continuance for cause, the court loses competency to proceed. *See In re C.A.S.*, 185 Wis. 2d 468, 482, 518 N.W.2d 285, 289 (Ct. App. 1994). The Village's failure to meet the mandatory time limits operated as a constructive dismissal of the action, and the court was not competent to proceed. The failure to file a formal written dismissal was at worst a mere technicality. We need not reverse a decision of the trial court for a procedural error that has not affected the "substantial rights" of a party. *City of La Crosse v. Jiracek Cos.*, 108 Wis. 2d 684, 690, 324 N.W.2d 440, 443 (Ct. App. 1982). The circuit court was competent to proceed with a new action.

## THE VILLAGE AS A "PERSON" WITHIN THE MEANING OF THE HARASSMENT STATUTE

Next, the appellants challenge the statutory authority to proceed under § 813.125, STATS., which defines "harassment" as a course of conduct toward another "person." The Village refers to § 990.01, STATS., Construction of laws; words and phrases:

> In the construction of Wisconsin laws the words and phrases which follow shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature:
>
> . . . .
>
> (26)  PERSON. "Person" includes all partnerships, associations and bodies politic or corporate.

The appellants contend that the definition of "harassment" in § 813.125(1)(a), STATS., as "[s]triking, shoving, kicking or otherwise subjecting another person to physical contact," demonstrates a manifest intent to exclude bodies politic from the statute. Appellants, however, do not address subsec. (b), which expands the definition to include: "Engaging in a course of conduct or repeatedly committing acts which harass or intimidate another person and which serve no legitimate purpose."

■■■■

Subsection (2) may be read to support an injunction action brought in the name of a municipal corporation. The very concept of a government entity as a "person" is of course a form of legal fiction acknowledged by the law for centuries. *See, e.g., Fischer v. Horicon Iron & Mfg. Co.*, 10 Wis. 351, 355 (1860) (A corporation is a "person" under an 1839 law authorizing persons to erect a dam.). Whether an

enactment includes a municipal body as a person is a matter of legislative intent. *Monnell v. Department of Soc. Servs.*, 436 U.S. 658, 690–91 (1978) (Congress meant to include a municipality as a person within the purview of § 1983 civil rights statute.). The legislative history of § 813.125, STATS., is not instructive in this regard. When determining legislative intent, we apply a maxim that assumes the lawmakers acted with full knowledge of existing laws, including statutes. *Wood v. American Family Mut. Ins. Co.*, 148 Wis. 2d 639, 646, 436 N.W.2d 594, 597 (1989), *overruled on other grounds, Mathiesen v. Continental Cas. Co.*, 193 Wis. 2d 192, 202, 532 N.W.2d 729, 733 (1995). Because the legislature's definition of "person" predates the harassment statute, we conclude that reference to persons in § 813.125(2) is intended to include municipalities within its scope.

## LIMITATION UPON APPELLANTS' ACCESS TO THE COURTS

The appellants' brief in respect to the validity of the requirement that they obtain permission from the court is totally undeveloped and is set forth in a single paragraph. They suggest that the order "is in violation of the United States Constitution and the Wisconsin Constitution, Article 1, section 9, 'Every person is entitled to a certain remedy in the laws for all wrongs which he may receive in his person, property, or character; he ought to obtain Justice freely, and without [being] obliged to purchase it, completely and *without denial, promptly and without delay*, comfortably to the laws . . . .' "

Generally, this court may decline to review an issue inadequately briefed. *In re Estate of Balkus*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App.

1985). In light of the significant constitutional right at stake, however, we make the following observations concerning this issue. The purpose of the frivolous claims and appeals statutes is "to deter . . . litigants . . . from commencing or continuing frivolous actions and to punish those who do." *Minniecheske v. Griesbach*, 161 Wis. 2d 743, 748, 468 N.W.2d 760, 762 (Ct. App. 1991) (quoting *Stoll v. Adriansen*, 122 Wis. 2d 503, 511, 362 N.W.2d 182, 187 (Ct. App. 1984)). However, "[w]ithout an order prohibiting future filings related to the same issues, these statutes would be virtually useless against a pro se party who cannot pay." *Id.* "A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." *Id.* (quoting *Lysiak v. Commissioner*, 816 F.2d 311, 313 (7th Cir. 1987)). Thus, while persons have a constitutional right to access to the courts, that right is neither absolute nor unconditional. *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981). "Apart from the necessity of a case-by-case determination of poverty, frivolity or maliciousness, a court may impose conditions upon a litigant—even onerous conditions—so long as they assist the court in making such determinations, and so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts." *Id.* at 786. In *Green*, the federal court of appeals for the District of Columbia Circuit entered an order, "admittedly severe," that required petitioner not to file any civil action without leave of court. In seeking leave of court, petitioner was required to certify that the claims he wished to present are new claims never before raised and disposed of on the merits by any federal court. *Id.*

**[7]**

The appellants do not contend on appeal that the evidence was insufficient to support a restriction. Nevertheless, the order before us now requires that the appellants present any suit against the Village and others related to it be submitted to the court. Although the appellants do not address the scope of this order but only the court's general authority to restrict filings, we believe that the court's authority is limited to barring frivolous litigation. We therefore modify the order to provide in paragraph 3, requiring prior approval from the court before filing, the phrase "so as to prevent the filing of frivolous litigation." As modified the order is not overbroad.

Subsequent to their tardy reply brief, the appellants filed supplemental documents with this court attacking the Shawano County district attorney's refusal to prosecute certain Village witnesses for alleged perjured testimony given at the injunction hearing. Even if these allegations were properly before us, we may not consider matters that were not presented to the trial court. *See In re C.A.K.*, 154 Wis. 2d 612, 624–25, 453 N.W.2d 897, 902 (1990).

In conclusion, the trial court properly denied the request for a second substitution, the failure to formally dismiss the prior action is not grounds to reverse the injunction, the Village is a person within the meaning of the harassment injunction statute and the court was entitled to restrict access so as to prevent the filing of frivolous lawsuits.

*By the Court.*—Order modified and, as modified, affirmed.