DAVID T. PROSSER, J.
¶ 92. (concurring). The majority opinion makes a powerful case for the issuance of a harassment injunction against Jeffrey Decker (Decker). Decker's campaign regarding the use of student segregated fees in the University of Wisconsin System has been self-defeating because his tactics alienate people who might otherwise share his concerns. *849 Whatever Decker's message is, it is completely overshadowed by his tactics, which have crossed the line and become unreasonable. I concur in the majority opinion because I agree that something had to be done.
¶ 93. I also agree with the majority (and with the concurrence of the Chief Justice) that the circuit court's injunction is too broad and must be redone. If a remand for revision were not part of the majority opinion, I would feel obligated to dissent.
¶ 94. Having explained my reasons for concurrence, I must register my reservations about the interpretation of Wis. Stat. § 813.125.
¶ 95. In my view, this statute was never intended to cover institutions as well as natural persons. It was intended to address a wide variety of harassment problems when people have to deal with the irrational conduct of other people. Thus, the remedies that must be afforded to an abused spouse, and may be afforded to a corporate officer or a member of the University of Wisconsin Board of Regents as an individual, are not the same as the remedies that may be afforded to everyone who is part of a corporation or an educational institution.
¶ 96. Once the court determines that the broad definition of "person"[1] applies to an institution as a victim, then necessarily it also applies to an institution as a perpetrator. I am confident that many people believe some institution, association, or body politic or corporate is engaging in a course of conduct to harass or intimidate them in a manner that serves no legitimate purpose.
*850 ¶ 97. The statute has been interpreted more broadly than I would read it in Village of Tigerton v. Minniecheske, 211 Wis. 2d 777, 565 N.W.2d 586 (Ct. App. 1997), and now in this case. But the legislature has failed to give much guidance on how judges should apply the statute in these cases. This lack of guidance is bound to spawn future controversy.
¶ 98. I respectfully suggest that the legislature review the language and effectiveness of all the specialized statutes on injunctions and restraining orders in Wis. Stat. ch. 813 and consider adopting a new statute for "persons" who are not people.
¶ 99. For the foregoing reasons, I respectfully concur.

 Wis. Stat. § 990.01(26) (" 'Person' includes all partnerships, associations and bodies politic or corporate.").