**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 31, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.   2023AP302-CR
2023AP303-CR
STATE OF WISCONSIN**

Cir. Ct. Nos.  2020CM2222
2020CF2667

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

WILLIAM J. BUFFO,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: CHRIS TAYLOR, Judge. *Affirmed*.

¶1     KLOPPENBURG, J.[1] William J. Buffo III appeals the circuit court's February 8, 2023 order setting parameters for Buffo's future filings in that

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

court, and the court's review and consideration of those filings, in two cases that were heard together in the circuit court and consolidated on appeal.[2]  As I explain, Buffo fails to show that the court erred in issuing that order and, therefore, I affirm.

¶2      Buffo pleaded guilty to four counts in the two underlying cases.  In both cases, Buffo was placed on probation, his probation was revoked, and, in January 2023, the circuit court sentenced Buffo to a combined twenty-one months of jail time on the four counts to which he pleaded guilty.

¶3      In February 2023, the circuit court issued an order providing as follows:

> 1. Pending the result of Mr. Buffo's appeals, he is barred from filing any further motions, letters or documents of any type in the above-captioned matters with this Court, except as provided in #3.

> 2. Pending the result of Mr. Buffo's appeals, this Court will no longer review or consider any further post-conviction filings in these cases, except as provided in #3.

---

[2] In his appellate briefing, Buffo represents that his legal name is William J. Buffo III, and he asks this court to use that name in this appeal.  As this court explained in *State v. Buffo*, Nos. 2022AP1803 and 2022AP1804, unpublished slip ops. (WI App July 13, 2023), we will not direct the clerk of this court to amend the caption that was used in the circuit court cases without a motion and notice to all parties.  However, I will refer to Buffo using the name that he prefers in the body of this opinion.

I also note that Buffo has separate pending appeals that pertain to the same underlying circuit court cases.  Specifically, appeal Nos. 2023AP1007-CRNM and 2023AP1008-CRNM pertain to an order sentencing Buffo after his probation was revoked.  This opinion does not address those separate appeals.  Nor does this opinion address the issues that Buffo raises in his brief filed in this consolidated appeal which apply to the circuit court's denial of Buffo's second and third postconviction motions, which this court affirmed in *State v. Buffo*, Nos. 2022AP1803 and 2022AP1804, unpublished slip ops. (WI App July 13, 2023).  This opinion also does not address Buffo's 2021 judgment of conviction, the circuit court's 2022 denial of Buffo's first postconviction motion, and the court's 2022 denials of Buffo's motions to dismiss, because the notice of appeal in this consolidated appeal is untimely with regard to those matters.

3. The only exception to these prohibitions relate to a legally-valid post[-]conviction motion regarding Mr. Buffo's recent sentencing following his probation revocations. Before such a filing(s) is accepted from Mr. Buffo in these cases, a Dane County judge must determine as set forth in a written order, whether the filing is procedurally appropriate and with legal merit.

¶4 Buffo filed a notice of appeal seeking reversal of the circuit court's February 2023 order. Buffo asserted in his notice of appeal, as he appears to also assert in his briefing, that, in this order, the court denied his "161[-]page motion" for dismissal. However, Buffo does not point to any language in the order, and I do not discern any language in the order, that denies Buffo's motion for dismissal. Rather, the order relates the following facts regarding Buffo's repeated motions for dismissal and other relief:

- Buffo filed motions to dismiss or to remove/modify his conditions of probation on December 22, 2021, January 3, 2022, and February 15, 2022. The motions consisted of fifty pages, with 109 pages of attachments.

- The circuit court denied those motions on March 3, 2022.

- Buffo filed motions to dismiss or to remove/modify his conditions of probation on May 11, 2022 and September 7, 2022; and a motion to withdraw his pleas on May 11, 2022. The motions consisted of 76 pages.

- The circuit court denied those motions on September 30, 2022.

- Buffo filed letters requesting dismissal on December 7, 2022, consisting of 249 pages of documents, and a motion for dismissal and other relief on January 25, 2023. In January 2023, Buffo also

presented a disk drive to the judge's chambers regarding other documents that he sought to put before the court but which he refused to file through the electronic filing process.

¶5    In the February 2023 order, the circuit court did not make any decision on Buffo's January 2023 motion for dismissal. Buffo does not cite any legal authority showing that the circuit court erred in not deciding that motion after the court had denied all of his prior motions for dismissal. Buffo repeatedly asserts that the circuit court "fraudulently" issued this order, but he fails to support this assertion by citing relevant legal authority and applying that legal authority to facts properly before the circuit court. Accordingly, I reject whatever arguments Buffo means to make to support his assertion of error. *See **State v. McMorris***, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 (noting that the court of appeals "may choose not to consider arguments unsupported by references to legal authority [and] arguments that do not reflect any legal reasoning"); ***Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, and we will not abandon our neutrality to develop arguments." (citation omitted)).

¶6    Buffo may also intend to apply his assertion of fraud to what the circuit court actually did in its February 2023 order, namely, set parameters for Buffo's future filings and the court's review and consideration of those filings. In that order, the court noted the "repeated[] filing" of the motions detailed above and pointed to various other documents that Buffo had filed, "comprising hundreds of pages," since January 2022. The court concluded:

> Given that I have considered and decided his various post[-]conviction motions, which are now pending

4

> in the Court of Appeals, I find that it is necessary for judicial economy and efficiency to limit Mr. Buffo's ability to continue to file motions, letters and/or any other type of document in the above-captioned cases pending the outcome of his appeal[s].

The court then ordered as quoted above.

¶7      I agree with the State that Buffo does not develop any arguments applying relevant legal authority to facts of record showing that the circuit court erred in issuing the February 2023 order. Accordingly, I may reject Buffo's challenge on that basis.

¶8      However, I also agree with the State that, on the merits, the circuit court properly exercised its discretion in issuing the February 2023 order. *See Minniecheske v. Griesbach*, 161 Wis. 2d 743, 747-48, 468 N.W.2d 760 (Ct. App. 1991) (reviewing under erroneous exercise of discretion standard order prohibiting future filings related to same issue until total amount of judgment was paid). A court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law and, using a rational process, reaches a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982). The circuit court's findings of fact will not be set aside unless those findings are clearly erroneous. WIS. STAT. § 805.17(2).

¶9      A court may exercise its inherent power to ensure that it "functions efficiently and effectively to provide the fair administration of justice," *City of Sun Prairie v. Davis*, 226 Wis. 2d 738, 749-50, 595 N.W.2d 635 (1999), and "to control its docket with economy of time and effort." *Rupert v. Home Mut. Ins. Co.*, 138 Wis. 2d 1, 7, 405 N.W.2d 661 (Ct. App. 1987). "[W]hile persons have a constitutional right to access to the courts, that right is neither absolute nor unconditional." *Village of Tigerton v. Minniecheske*, 211 Wis. 2d 777, 785, 565

N.W.2d 586 (Ct. App. 1997). A court faced with a litigant engaged in a pattern of repetitive and voluminous litigation "has the authority to implement a remedy that may include restrictions on that litigant's access to the court." *See Minniecheske*, 161 Wis. 2d at 748 (describing the court's authority to restrict a litigant's access to court when the litigant has engaged in a pattern of frivolous litigation) (citing *Lysiak v. Commissioner of Internal Revenue*, 816 F.2d 311, 313 (7th Cir. 1987)).

¶10 The circuit court's order here is drafted narrowly to strike a balance between Buffo's access to the courts, the taxpayers' right not to have repetitive litigation become an unwarranted drain on their resources, and the public interest in maintaining the integrity of the judicial system. *See Minniecheske*, 161 Wis. 2d at 749. The circuit court reviewed the facts and, consistent with applicable law, reached a reasonable conclusion that it adequately explained.

¶11 Finally, I also take Buffo's failure to file a reply brief as a concession that the State's arguments—that Buffo fails to support his challenge to the circuit court's February 2023 order with a developed argument based on applicable law and the facts of record, and that the court properly exercised its discretion in issuing the order—are correct. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (reasoning that appellant's failure to respond in reply brief to an argument made in respondent's brief may be taken as a concession).[3]

---

[3] Any arguments in Buffo's appellate briefing that are directed at the circuit court's February 2023 order and which this opinion does not address are either patently meritless or so inadequately developed that they do not warrant this court's attention. *See Libertarian Party of Wis. v. State*, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (concluding that an appellate court need not discuss arguments that lack "sufficient merit to warrant individual attention").

¶12 For all these reasons, I conclude that Buffo has failed to show that the circuit court erred in issuing the February 2023 order that set parameters for his filings with the court and the court's review and consideration of those filings.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.