COURT OF APPEALS
DECISION
DATED AND FILED

March 4, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP806**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV1350

IN COURT OF APPEALS
DISTRICT III

SAINT LUKE HER,

PLAINTIFF-APPELLANT,

V.

MELISSA PARKER AND SUSAN MEYER,

DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Brown County: JOHN P. ZAKOWSKI, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Saint Luke Her, pro se, appeals from a judgment that dismissed his amended complaint, which alleged defamation and invasion of

privacy against Melissa Parker and Susan Meyer, for failure to state a claim. Her also challenges the circuit court's injunction order prohibiting him from filing further lawsuits against Parker or Meyer related to "previously litigated issues" without first obtaining preapproval from the court. For the reasons that follow, we affirm.

## BACKGROUND

¶2     Susan Meyer, Melissa Parker's mother, hired Her as a caregiver for Parker, who was involved in a car accident many years ago that left her a triplegic. As a result of the accident, Parker suffered multiple strokes and is diagnosed with a form of dementia. Months after Her was hired, Meyer terminated Her's employment for, among other things, having sexual intercourse with Parker.

¶3     Her filed three complaints with the Wisconsin Department of Workforce Development (DWD) related to his termination.[1] In addition, Her commenced a lawsuit, against Parker and Meyer, Brown County case No. 2021CV1085, which was separate from the present case. Her alleged in that case that his employment was wrongfully terminated by Parker and that Meyer intentionally interfered with a contract and professional relationship. Parker and Meyer alleged several counterclaims, including "Battery: Sexual Assault." Her then attempted to amend the pleadings to include a defamation claim. Ultimately, the circuit court[2] granted summary judgment to Parker and Meyer on Her's initial

---

[1] At least two of the DWD cases were dismissed—one for lack of jurisdiction and another for lack of probable cause showing that Meyer violated the Wisconsin Fair Employment Law. The third DWD case was filed following the initiation of this lawsuit. *See infra* note 3.

[2] The Honorable Timothy A. Hinkfuss presided over Brown County case No. 2021CV1085.

claims and dismissed their counterclaims. The court did not permit Her to amend his pleadings to include a defamation claim, but it advised Her that he could file a new action alleging defamation.

¶4       Her then filed the present lawsuit, alleging claims against Parker and Meyer for defamation and invasion of privacy.[3] In an amended complaint, Her alleged, generally, that Parker and Meyer defamed him by falsely accusing him of sexual assault through statements to the DWD, two of Parker's former caregivers, and "many people and agencies." For example, Her alleged that "during the time of [his] wrongful termination case, [Parker and Meyer] were telling everyone they knew that they were going to win a lot of money from [Her] and get him sent to prison." Her also alleged that Meyer reported the sexual activity to the DWD when she submitted a "Weekly Earnings Audit" form, which was submitted as an exhibit to the amended complaint. Attached to that form was a note stating that Her should "<u>never</u> be allowed to work as a caregiver again[]," so that he "would be denied unemployment insurance … benefits."

¶5       Additionally, Her alleged that Parker and Meyer told the two former caregivers that they filed the "Battery: Sexual Assault" counterclaim in Brown County case No. 2021CV1085 "so they could get back over $15,000 of court and attorney fees from [Her]." Her submitted a "witness exhibit" with the amended

---

[3] Originally, Her also alleged a claim of discrimination in this case against Parker and Meyer. After receiving a letter from Parker and Meyer threatening frivolous claim sanctions, Her amended his complaint to remove the discrimination claim. *See* WIS. STAT. RULE 802.05(3)(a)1. (2023-24). Her then filed a separate DWD action against Parker and Meyer alleging discrimination.

All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

complaint, which provided one of the two caregivers' responses, stated in the third person, to questions posed by Her. The exhibit stated that Parker and Meyer "told [the second caregiver] and Connie that [Her] sexually assaulted [Parker]."[4] Her further alleged that Parker and Meyer invaded his privacy "by telling multiple people and agencies that [he] sexually assaulted [Parker] (knowing this was a lie)."

¶6    Parker and Meyer filed a motion to dismiss the instant lawsuit for failure to state a claim. They also filed a motion for an injunction limiting Her's access to the court system and a motion for sanctions under WIS. STAT. § 802.05. As to the injunction request, Parker and Meyer cited Her's previously filed Brown County case No. 2021CV1085 and the three DWD cases, which they argued were all "based on the same set of facts and argument." Parker and Meyer asserted that the "endless litigation" was "seriously deplet[ing]" Parker's personal injury care fund as well as Meyer's financial resources.

¶7    Following briefing by the parties and a hearing, the circuit court issued an oral ruling granting Parker and Meyer's motion to dismiss. It did so after determining that Her's amended complaint did not satisfy the heightened pleading standard for defamation under WIS. STAT. § 802.03(6).

¶8    The circuit court denied Parker and Meyer's motion for sanctions, but it granted their motion for an injunction and issued an order limiting Her's access to the court system. The court found that Her was attempting "to take advantage of [Parker] by trying to excise some money because [he was]

---

[4] "Connie" was not more specifically identified in the amended complaint or the witness exhibit, and no surname was given.

terminated." Further, the court found that there were two lawsuits filed in the circuit court, including the present case, all regarding Her's employment as Parker's caregiver and that "the matter is, as far as this [c]ourt is concerned, … done." The court explained that "if there's new information that comes up that really provides a basis for a legitimate lawsuit[,] then that can happen[,] but the [c]ourt is going to be the gatekeeper."

¶9    In its written final judgment and order, the circuit court entered a "permanent injunction against future duplicative filings or refiling of previously litigated issues[] or claims based on [Her's] previous employment with [Parker and Meyer], without this [c]ourt's approval, to prevent abuse of the judicial process and to protect [Parker]'s limited personal injury trust fund from further being depleted." Her now appeals.[5]

## DISCUSSION

### I. Failure to state a claim

¶10    "A motion to dismiss tests the legal sufficiency of the complaint." ***Townsend v. ChartSwap***, 2021 WI 86, ¶10, 399 Wis. 2d 599, 967 N.W.2d 21. To survive a motion to dismiss for failure to state a claim, "a complaint must plead facts, which if true, would entitle the plaintiff to relief." ***Data Key Partners v.***

---

[5] In the circuit court, Her filed a "Motion to Grant Claims for Relief." In support thereof, Her asserted that Parker and Meyer improperly responded to his amended complaint and failed to provide evidence of the sexual assault. The court denied this motion in its final judgment and order. Her's notice of appeal stated that he is appealing the court's denial of his motion, but he has failed to raise any issues in his briefing regarding this decision. Thus, we deem this issue abandoned and will not consider it further. *See **A.O. Smith Corp. v. Allstate Ins. Cos.***, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the [circuit] court, but not raised on appeal, is deemed abandoned.").

*Permira Advisers LLC*, 2014 WI 86, ¶21, 356 Wis. 2d 665, 849 N.W.2d 693; *see also* WIS. STAT. § 802.02(1). "Factual assertions are evidenced by statements that describe: 'who, what, where, when, why, and how.'" ***Data Key Partners***, 356 Wis. 2d 665, ¶21 n.9 (citation omitted).

¶11 Wisconsin has a heightened pleading standard for defamation claims. "In an action for libel or slander, the particular words complained of shall *be set forth in the complaint*, but their publication and their application to the plaintiff may be stated generally." WIS. STAT. § 802.03(6) (emphasis added). A person claiming defamation must also allege that the statement complained of was false. *See **Wagner v. Allen Media Broad.***, 2024 WI App 9, ¶23, 410 Wis. 2d 666, 3 N.W.3d 758.

¶12 The standard of review for a motion to dismiss for failure to state a claim is well established.

> Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom. However, a court cannot add facts in the process of construing a complaint. Moreover, "legal conclusions asserted in a complaint are not accepted, and legal conclusions are insufficient to withstand a motion to dismiss." Therefore, our focus is on factual allegations made in the complaint.

*Townsend*, 399 Wis. 2d 599, ¶10 (citations omitted); *see also* WIS. STAT. § 802.06(2)(a)6. "When a document is attached to the complaint and made part thereof, it must be considered a part of the pleading, and may be resorted to in determining the sufficiency of the pleadings." ***Friends of Kenwood v. Green***, 2000 WI App 217, ¶11, 239 Wis. 2d 78, 619 N.W.2d 271. We independently determine whether the facts alleged in a complaint state a claim for relief. *Townsend*, 399 Wis. 2d 599, ¶10.

¶13 On appeal, Her argues that he sufficiently alleged facts in the amended complaint, including the attached witness exhibit, to state claims for defamation. We disagree. The amended complaint failed to allege, with particularity, the defamatory "words complained of." *See* WIS. STAT. § 802.03(6). Instead, the amended complaint outlined, very generally, that "[t]hey" (meaning Parker and Meyer) "lied about [Parker] being sexually assaulted by [Her]." At points in the amended complaint, Her alleged that Parker and Meyer told this "lie" to "many people," "agencies," the DWD, Her's "coworkers," and "their family and friends." However, there is nothing in these allegations stating precisely, the statements made, exactly who said what statements, and to whom and when they were made. *Cf. Starobin v. Northridge Lakes Dev. Co.*, 94 Wis. 2d 1, 7, 9, 287 N.W.2d 747 (1980) (concluding that a complaint alleging defamation sufficiently described the particular words complained of). Further, the complaint also lacked facts describing the who, what, where, when, and how of Her's claims. *See Data Key Partners*, 356 Wis. 2d 665, ¶21 n.9. Without these details, the amended complaint clearly fell below the heightened pleading standard in § 802.03(6) and even below the lower pleading standard in WIS. STAT. § 802.02(1). *See Data Key Partners*, 356 Wis. 2d 665, ¶21 n.9.

¶14 Her did allege in the amended complaint that the "lies" were told to the DWD and to the two former caregivers. As to the latter, Her stated in the amended complaint that he "spoke with" the two caregivers and "received a signed statement from them that [Parker and Meyer] lied about [Parker] being sexually assaulted by [Her]." The witness exhibit, in turn, contained an allegation that Parker and Meyer "told [the second caregiver] and Connie that [Her] sexually assaulted [Parker]." But these averments are not sufficient to meet the standard of providing "the particular words complained of" under WIS. STAT. § 802.03(6)—

i.e., what, precisely, these alleged statements were. *Cf. Starobin*, 94 Wis. 2d at 7, 9. Further, and like the other allegations discussed above, these allegations also failed to describe exactly who said what statements or when the statements were made. *See Data Key Partners*, 356 Wis. 2d 665, ¶21 n.9.

¶15 Her does not make an argument as to the sufficiency of his allegations related to Meyer's communication to the DWD, in which she stated that Her "engaged in sexual activities with [Parker] after she was intoxicated. (Took advantage of her condition) He should never be allowed to work as a caregiver again!" We will not develop an argument on his behalf. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).

¶16 Nonetheless, Her admitted in the amended complaint that he and Parker were, in fact, engaged in "sexual activities," and the attached witness exhibit confirms that Parker and Her engaged in sexual activity together. Thus, the amended complaint demonstrates that Meyer's statement to the DWD—that Parker and Her "engaged in sexual activities"[6]—was not false. *See Anderson v. Hebert*, 2011 WI App 56, ¶14, 332 Wis. 2d 432, 798 N.W.2d 275 ("By definition, a defamatory statement must be false.").

¶17 Likewise, Her conceded in the amended complaint that he was terminated, in part, as a result of those sexual activities, and Meyer's statement to the DWD outlining that activity as a reason for Her's termination was not false.

---

[6] Although Her alleged in the amended complaint that Meyer told the DWD that Her "sexually assaulted" Parker, the corresponding exhibit confirms that Meyer stated that Her engaged in "sexual activities" with Parker. Any document attached to a complaint "prevails over inconsistent averments in the complaint." *Peterson v. Volkswagen of Am., Inc.*, 2005 WI 61, ¶15, 281 Wis. 2d 39, 697 N.W.2d 61.

*See id.* In addition, Meyer's statement that Her should never work as a caregiver again was an opinion and was based on the undisputed sexual relations between Her and Parker—not on the fact that she believed Her sexually assaulted Parker. *See Laughland v. Beckett*, 2015 WI App 70, ¶27, 365 Wis. 2d 148, 870 N.W.2d 466.

¶18   Furthermore, Parker and Meyer argue that Meyer's communication to the DWD was absolutely privileged because it was made in a "judicial proceeding[]." "Where … statements bear a proper relationship to the issues addressed, we have extended the absolute privilege to the statements of parties, witnesses and their counsel in judicial proceedings." *Vultaggio v. Yasko*, 215 Wis. 2d 326, 334, 572 N.W.2d 450 (1998). The absolute privilege also extends to "quasi-judicial and investigatory proceedings, such as statements made to a grand jury or to a district attorney relating to matters pending for grand jury investigation, statements made to a real estate broker's board, and petitions to a governor for removal of a sheriff." *Id.* (citations omitted). Her does not respond to Parker and Meyer's absolute privilege argument, and we therefore deem it conceded. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578.

¶19   Regardless, however, we note that the communication was a result of the DWD sending Meyer the "Weekly Earnings Audit" form. At the top of that document, the form states that the DWD was "conducting an audit of unemployment benefit payments paid to" Her. Meyer indicated on the form that Her had been discharged for a number of reasons. The attached note explained that one of those reasons was the sexual activity between Her and Parker and that Meyer believed that Her had taken advantage of Parker. Meyer explained that because of Her's actions, Meyer believed that Her should not be working as a

9

caregiver. Accordingly, the communication to the DWD in the attached note was made in a "quasi-judicial proceeding" and, thus, was protected by absolute privilege. *See Vultaggio*, 215 Wis. 2d at 341-42 (stating that there is no exact definition of a quasi-judicial proceeding but that courts "often extended an absolute privilege to quasi-judicial proceedings because protections similar to those offered in judicial proceedings ensured the pertinency and propriety of the testimony before such bodies").

¶20     To the extent Her claims that he sufficiently alleged defamation in the amended complaint because he stated that Parker and Meyer filed a counterclaim for "Battery: Sexual Assault" in Brown County case No. 2021CV1085, we conclude that this allegation is also insufficient to state claims for defamation. As Parker and Meyer contend, the allegations contained in the counterclaim were made in the context of a judicial proceeding and, therefore, are protected by an absolute privilege.[7]  *See Churchill v. WFA Econometrics Corp.*, 2002 WI App 305, ¶¶9-10, 258 Wis. 2d 926, 655 N.W.2d 505.

¶21     We further conclude that Her failed to allege sufficient facts in his amended complaint, or the attached exhibits, to sufficiently plead claims for invasion of privacy.[8]  To reiterate, Her alleged in the amended complaint that

---

[7] Alternatively, we could conclude that Her conceded that Parker and Meyer were entitled to absolute privilege for their counterclaim against Her because he did not substantively respond to their argument on appeal. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578.

[8] Her appears to abandon any argument related to the invasion of privacy claims, stating that he "does not see" those claims "as one of the issues in this [a]ppeal." We could decide the issue on this basis. *See A.O. Smith*, 222 Wis. 2d at 491.

Parker and Meyer invaded his privacy "by telling multiple people and agencies that [he] sexually assaulted [Parker] (knowing this was a lie)."

¶22 Wisconsin recognizes four types of invasion-of-privacy actions. *Reetz v. Advocate Aurora Health, Inc.*, 2022 WI App 59, ¶18, 405 Wis. 2d 298, 983 N.W.2d 669; WIS. STAT. § 995.50(2)(am). Although not expressly stated in his amended complaint, it appears that Her was attempting to allege claims under § 995.50(2)(am)3. These claims required Her to sufficiently state several elements, including that Parker and Meyer made a public disclosure of *true* fact about Her. *See Reetz*, 405 Wis. 2d 298, ¶18; *Ladd v. Uecker*, 2010 WI App 28, ¶¶4-5, 19, 323 Wis. 2d 798, 780 N.W.2d 216 (stating that Wisconsin does not recognize a cause of action for "false light invasion of privacy"). Because Her alleged that the sexual assault claims Parker and Meyer made were *false*, he failed to sufficiently state claims for invasion of privacy. *See Ladd*, 323 Wis. 2d 798, ¶¶4-5, 19.

¶23 In short, and for the foregoing reasons, the circuit court did not err by dismissing Her's amended complaint for failure to state a claim.

## II. Order limiting Her's access to the court system

¶24 An individual has a constitutional "right of access to the courts." *Penterman v. Wisconsin Elec. Power Co.*, 211 Wis. 2d 458, 474, 565 N.W.2d 521 (1997). This right "entitles the individual to a fair opportunity to present his or her claim." *Id.* However, this right is not absolute, *Village of Tigerton v. Minniecheske*, 211 Wis. 2d 777, 785, 565 N.W.2d 586 (Ct. App. 1997), and the legislature has enacted statutes "to deter the filing of frivolous claims," *see Wisconsin Chiropractic Ass'n v. Chiropractic Exam. Bd.*, 2004 WI App 30, ¶22, 269 Wis. 2d 837, 676 N.W.2d 580. For example, WIS. STAT. § 802.05 permits

11

"appropriate sanction[s]" upon a party who files an action for "any improper purpose, such as to harass or to cause … needless increase in the cost of litigation." *See* § 802.05(2)(a), (3).

¶25 To prevent future frivolous filings, a circuit court may, within its discretion, issue an order requiring a litigant to seek leave of the court to file a new claim on an issue already litigated. *See **Minniecheske v. Griesbach***, 161 Wis. 2d 743, 748-49, 468 N.W.2d 760 (Ct. App. 1991). "Without an order prohibiting future filings related to the same issues," the prohibition against frivolous filings "would be virtually useless against a pro se party who cannot pay."[9] *Id.* at 748. "An erroneous exercise of discretion occurs when the circuit court fails to exercise discretion, the facts fail to support the court's decision or the circuit court applies the wrong legal standard." ***Associated Bank N.A. v. Collier***, 2014 WI 62, ¶22, 355 Wis. 2d 343, 852 N.W.2d 443.

¶26 Here, the circuit court denied Parker and Meyer's sanctions request under WIS. STAT. § 805.02, but it issued the injunction order based on Her's

---

[9] We note that, contrary to Parker and Meyer's implicit assertions on appeal, the circuit court did not issue the injunction order based upon a finding that Her's previous actions were frivolous. *See **Village of Tigerton v. Minniecheske***, 211 Wis. 2d 777, 785, 565 N.W.2d 586 (Ct. App. 1997) ("A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." (citation omitted)); ***State v. Buffo***, Nos. 2023AP302-CR, 2023AP303-CR, unpublished slip op. ¶¶3, 8-10 (WI App Aug. 31, 2023) (holding that a circuit court did not erroneously exercise its discretion by limiting a defendant's access to the court where the court found that the defendant engaged in a pattern of repetitive and voluminous litigation but did not find that the filings were frivolous). Her does not argue that the circuit court was required to make a finding of frivolousness or issue the injunction order under WIS. STAT. § 802.05, and we will not address that potential argument further. *See **State v. Pettit***, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).

Unpublished opinions authored by a single judge and issued on or after July 1, 2009, may be cited for their persuasive value. *See* WIS. STAT. RULE 809.23(3)(b).

repeated filing of actions against Parker and Meyer, namely, Brown County case No. 2021CV1085 and the three DWD cases. The court found that all of those actions related to the same issues surrounding Her's employment as Parker's caregiver. Her filed these actions, according to the court, because he was attempting "to take advantage of [Parker] by trying to excise some money because [he was] terminated." The court aptly found that the issues raised in those actions have been litigated and are "done." These findings are supported by the record, and Her does not assert on appeal that they are clearly erroneous.

¶27 The circuit court's injunction order was also "drafted narrowly enough to strike a balance among [Her's] access to the courts, [Parker and Meyer's] interest in res judicata, the taxpayers' right not to have frivolous litigation become an unwarranted drain on their resources and the public interest in maintaining the integrity of the judicial system." *See **Minniecheske**, 161 Wis. 2d at 749. The order permits Her to file new, nonfrivolous claims against Parker and Meyer, so long as those filings are not related to his employment with them. This order was evidently necessary, as Her notes on appeal that if he "files another complaint against [Parker and Meyer], it will be for the same reasons in this case."

¶28 Moreover, the circuit court stated during its oral ruling that it would permit Her to file an action against Parker and Meyer if the action provided "a basis for a legitimate lawsuit." Thus, although the court did not expressly state so, the injunction order clearly only prevents Her from filing a *frivolous* action against Parker and Meyer. *See **Village of Tigerton**, 211 Wis. 2d at 785. Under these circumstances, the order is constitutional, because it prevents future violations of WIS. STAT. § 802.05. *See **Minniecheske**, 161 Wis. 2d at 748-49.

¶29 Her contends that he should not need to seek preapproval from the circuit court to file new actions against Parker and Meyer because he was following "correct procedure of the court process." Her's argument misses the mark. The court properly exercised its discretion by determining that future filings related to Her's issues in the circuit court lawsuits and the DWD cases, without prior court approval, would result in an abuse of the judicial process and would subject Parker to additional, unwarranted costs that would come from her personal injury trust fund. As stated, this order was evidently appropriate and necessary as Her continues to assert, even on appeal, that he could file another lawsuit against Parker and Meyer "for the same reasons in this case." The facts of this case therefore warranted the court's discretionary decision to, effectively, screen Her's future lawsuits against Parker and Meyer, and the scope of the court's injunction order is constitutionally limited in scope.

¶30 Lastly, Parker and Meyer seek costs associated with this appeal.[10] We agree that costs against Her are warranted in this case pursuant to WIS. STAT. RULE 809.25(1)(a)1. Accordingly, Parker and Meyer "shall file a statement of the costs within 14 days of the filing" of this decision. *See* RULE 809.25(1)(c). Her "may file, within 11 days after service of the statement, a motion objecting to the statement of costs." *See **id.***

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[10] Parker and Meyer do not contend that this appeal is frivolous. *See* WIS. STAT. RULE 809.25(3).