# COURT OF APPEALS
# DECISION
# DATED AND FILED

## February 3, 2026

Samuel A. Christensen
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2225**

Cir. Ct. No. 2006CF272

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

     PLAINTIFF-RESPONDENT,

  V.

STEVEN DIONNE SCOTT,

     DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before White, C.J., Colón, P.J., and Donald, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Steven Dionne Scott, pro se, appeals from an order of the circuit court denying his most recent postconviction motion without a hearing.   The State of Wisconsin contends that Scott's claims are procedurally barred.   For the following reasons, we affirm.

## BACKGROUND

¶2     In 2006, Scott was convicted upon an *Alford*[1] plea, incident to a plea deal, to one count of second-degree sexual assault.   He was sentenced to nine years of initial confinement and six years of extended supervision, consecutive to any other sentences imposed on him.

¶3     Scott appealed, arguing that the circuit court erroneously exercised its discretion when it denied Scott's motion for presentence plea withdrawal without an evidentiary hearing.   *See State v. Scott* (*Scott I*), No. 2007AP1311–CR, unpublished slip op., ¶¶1, 8 (WI App Sept. 3, 2008).   This court affirmed, concluding that Scott's reasons for plea withdrawal did not constitute "fair and just reason[s] for plea withdrawal," were not credible, or were wholly conclusory.   *Id.*, ¶¶10-11, 15.   Scott petitioned our supreme court for review, and it denied his petition.

¶4     In 2011, Scott filed a letter with this court, which we construed as a request for transcripts and some form of hearing or investigation.   We issued an order taking no action on Scott's letter because we lacked jurisdiction over his appeal after remittitur occurred.   Scott then filed a motion in the circuit court for a

---

[1]  *North Carolina v. Alford*, 400 U.S. 25 (1970).   An *Alford* plea involves the defendant pleading guilty to a charge while still maintaining his or her innocence.   *State v. Garcia*, 192 Wis. 2d 845, 856, 532 N.W.2d 111 (1995).

court order to subpoena his work records to prove his innocence. The circuit court denied his motion, noting that Scott is able to procure his employment records on his own and that it is unlikely any work records could establish his innocence because his DNA was found on the body of the victim.

¶5  Scott subsequently filed a motion in the circuit court seeking a competency examination, *Machner*[2] hearing, court-appointed attorney, and for the court to vacate his sentence. Scott argued that he was incompetent to enter his plea due to a head injury, that he was coerced into confessing by the police, that his trial counsel pressured him to accept the plea deal, and that both trial and postconviction counsel were ineffective for failing to raise that he was at work during the assault. The circuit court denied his motion on the grounds that it was procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), and that Scott's claims were conclusory.

¶6  In 2012, Scott filed another motion seeking to withdraw his plea and vacate his sentence. Scott argued that he was at work during the crime, and that trial counsel was ineffective and coerced him into taking the plea deal. The circuit court again denied Scott's motion, finding his claims conclusory and barred by *Escalona-Naranjo*.

¶7  In 2017, Scott filed another motion seeking to withdraw his plea. Scott contended that he should have been adjudicated as a juvenile, his trial counsel coerced him into accepting the plea deal, and his appellate counsel was ineffective for failing to raise those issues. Again, the circuit court denied his

---

[2] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

3

motion. The court found that his claims against his counsel were barred by *Escalona-Naranjo*, and that his claim that he should have been tried as a juvenile was frivolous because he was an adult by the time he was identified as the perpetrator of the crime. Scott filed a notice of appeal with this court, which we returned with an explanation that the notice must be filed with the clerk of the circuit court. Scott did not pursue an appeal of the order any further.

¶8 In 2019, Scott filed another motion seeking to withdraw his plea. Scott argued that he did not understand his plea because he did not know he would be subject to GPS monitoring. The circuit court denied his motion finding that Scott had exhausted his postconviction remedies so his claim was barred by *Escalona-Naranjo*.

¶9 Scott then petitioned this court for a writ of *habeas corpus*. He argued that the circuit court erred by denying his motion for plea withdrawal, the plea colloquy was invalid, he was entitled to a hearing on his motion for plea withdrawal, and his counsel was ineffective. He also challenged the sufficiency of the evidence supporting his conviction by attacking the victim's credibility. We denied his petition *ex parte*, concluding that his claims relating to his plea were barred because they were previously litigated in his first appeal, his claims against his counsel were undeveloped, and he waived his right to challenge the victim's credibility at trial by entering an *Alford* plea. *State ex. rel. Scott v. Stevens* (*Scott II*), No. 2023AP1015-W, unpublished op. and order, 3-5 (WI App July 27, 2023).

¶10     In 2023, Scott filed the motion[3] for postconviction relief underlying this appeal in the circuit court. He again argued that his plea should be withdrawn because he was impaired at the time, he is entitled to an evidentiary hearing, and his trial counsel was ineffective. The circuit court denied the motion on the grounds that his claims were "a rehash of the issues he raised on direct appeal and in subsequent pro se motions." The court also found that any new claims he raised were ones he could have raised in his prior litigation so they were barred by *Escalona-Naranjo*.

¶11     Scott appeals.

## DISCUSSION

¶12     On appeal, Scott raises many of the same arguments for plea withdrawal he has raised previously. He argues that his plea was not made knowingly, intelligently, and voluntarily because he was impaired when he entered it, that the plea colloquy was invalid, and that he was entitled to an evidentiary hearing on his presentence plea withdrawal motion. He also argues that both his trial attorneys were ineffective for not allowing him to review documents obtained during discovery, for not arguing that the victim's statements at the preliminary hearing and in the police reports were fabricated, and for exerting undue pressure on Scott to accept the plea deal.

¶13     We do not reach Scott's arguments because we conclude that Scott's claims are procedurally barred.

---

[3] Scott labeled his motion a "*Rothering* petition to challenge the ineffective assistance of trial counsel." *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996).

¶14 "Once a defendant's direct appeal rights are exhausted or the time for filing an appeal has expired, the defendant may collaterally attack his conviction via a motion under WIS. STAT. § 974.06 [(2023-24)]."[4] *State v. Evans*, 2004 WI 84, ¶32, 273 Wis. 2d 192, 682 N.W.2d 784, *abrogated on other grounds by State ex rel. Coleman v. McCaughtry*, 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900. However, absent a showing of a sufficient reason, claims that a defendant could have raised earlier but did not are barred. *Escalona-Naranjo*, 185 Wis. 2d at 185-86. Whether a defendant raises a sufficient reason for failing to bring his or her claims earlier is a question of law that we review independently. *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶15 The record reflects that Scott's most recent postconviction motion is at least his fifth attempt to overturn his conviction in the circuit court. In addition, Scott previously pursued an appeal and petitioned for a writ before this court. *See Scott I*, No. 2007AP1311–CR; *Scott II*, No. 2023AP1015-W. Therefore, absent a sufficient reason for failing to raise his current claims earlier, Scott's motion is procedurally barred by *Escalona-Naranjo*. *See id.*, 185 Wis. 2d at 185-86; WIS. STAT. § 974.06(4).

¶16 Scott does not address whether there is a sufficient reason for his failure to raise his claims earlier in his motion or in his briefing on appeal. *See State v. Nawrocki*, 2008 WI App 23, ¶2 n.3, 308 Wis. 2d 227, 746 N.W.2d 509 ("To avoid waiving an argument on appeal, parties should develop *in the principal brief* all arguments that they reasonably believe may be relevant to the outcome of the case.").

---

[4] All references to the Wisconsin Statutes are to the 2023-24 version.

¶17 Furthermore, we observe that Scott's claims are based on information he would have been aware of prior to his first appeal. In fact, many of his claims were already raised and litigated, and we will not relitigate them. *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue."). To the extent Scott raises any new claims, they are procedurally barred by *Escalona-Naranjo* because Scott has not demonstrated that there is sufficient reason for his failure to raise them in earlier postconviction litigation. *See id.*, 185 Wis. 2d at 185-86.

¶18 As a final matter the State requests that we impose *Casteel* sanctions on Scott. *See State v. Casteel*, 2001 WI App 188, 247 Wis. 2d 451, 634 N.W.2d 338. We decline to do so at this juncture because we have not previously warned Scott that filing frivolous appeals will result in such sanctions. However, we will put Scott on notice that further repetitive allegations—regardless of whether they are presented as motions, petitions, or appeals—in this case may result in sanctions, including restricting future access to the courts in the manner set forth in *Casteel*, *see id.*, ¶¶25-27, and imposition of penalties or cost. *See* WIS. STAT. RULES 809.25(3), 809.103(3), 809.83(2).

¶19 "Frivolous actions hinder a court's ability to function efficiently and effectively and to fairly administer justice to litigants who have brought nonfrivolous actions." *Casteel*, 247 Wis. 2d 451, ¶23. This court will not approve the squandering of scarce judicial resources in considering and reconsidering one individual's claims if those claims are frivolous, abusively repetitive, or otherwise improper. *See id.*, ¶¶23-27.

7

## CONCLUSION

¶20     For the foregoing reasons, we affirm the circuit court's order denying Scott's postconviction motion without a hearing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.